GEORGE A. THOMAS, APPELLANT, *v.* EDMUND S. KEELER AND WILLIAM R. STEVENS, RESPONDENT.

*Code of Civil Procedure, sec.* 3064 — *power of the County Court to grant a new trial in a Justice's Court when the defendant was present, but refused to answer when the case was called — review of the discretionary powers of the County Court.*

A new trial may not be granted by the County Court, on an appeal thereto from a Justice's Court, under section 3064 of the Code of Civil Procedure, on the ground that the defendant failed to appear before the justice at the time to which the trial of the action had been adjourned, where it appears that both the defendant and his attorney were present in the Justice's Court on the adjourned day, and that they remained there until the case was called, and during the trial thereof,

but the attorney refused to answer on behalf of the defendant when the case was called, and declined to take any part in the trial thereof on the ground that it was called too late.

The purpose of this section of the Code was to provide a remedy for any fraud practiced or improper means employed by a party to induce his adversary not to appear either on the return day of the summons or on the day to which the trial is adjourned, or when such failure has arisen through accident, mistake or other misadventure.

The discretion exercised by the County Court in determining whether it will grant a new trial upon the proof before it, on the ground that manifest injustice has been done, or where a satisfactory excuse has been rendered for the default, is not reviewable by the General Term of the Supreme Court.

APPEAL from an order of the Delaware County Court, which set aside a judgment which had been entered in a Justice's Court in Delaware county, and awarded to the defendants a new trial before another justice of the county, under section 3064 of the Code of Civil Procedure, upon the ground that the defendant had failed to appear before the justice on the day to which the trial of the action had been adjourned.

*F. N. Gilbert,* for the appellant.

*C. L. Andrews,* for the respondent.

HARDIN, P. J.:

This was an appeal from an order of the Delaware County Court setting aside a judgment entered in a Justice's Court and awarding the defendants a new trial before another justice of the same county. The order was made under section 3064 of the Code of Civil Procedure, and based upon an assumption by the court that the defendants failed to appear before the justice at the time to which the trial of the action had been adjourned.

If the court was justified in assuming that there was such a failure to appear, then we are of the opinion that the order appealed from should be affirmed. If the defendants failed to appear, then it was discretionary with the court whether it would grant a new trial upon the proof before it, as to manifest injustice having been done, and as to the sufficiency of the excuse rendered by the defendants for their default. Such an order should not be reviewed by this court. The rule is well established that the decisions of one court resting in its

discretion are not reviewable by another, unless such review is specially authorized by law.

If, however, there was no failure to appear before the justice at the time to which the trial of the case was adjourned, it must follow that the court below had no power or authority to make the order in question. It will be observed, by an examination of the statute, that it is only a defendant who has failed to appear before the justice, either upon the return of the summons or at the time to which the trial of the case was adjourned, who is entitled to a new trial as therein provided. (Code Civil Procedure, § 3064.) Hence, whether the defendants appeared before the justice at the time to which the trial was adjourned, within the intent and meaning of this statute, seems to be the controlling question in this case.

The defendants contend that, notwithstanding the fact that they were present, both in person and by attorney, at the time to which this action had been adjourned, and that they remained until the case was called and during the trial, yet, as their attorney refused to answer when it was called or to take part in the trial, on the ground that it was called too late, although he had agreed to wait until that time, there was a failure of the defendants to appear, within the intent and meaning of the statutes. We do not think so.

The purpose of this statute was to provide a remedy for any fraud practiced, or improper means employed, by a party to induce his adversary not to appear before a justice, either on the return of the summons or at the time to which the trial was adjourned, or when such failure was occasioned by accident or mistake or other misadventure. This case falls far short of being within the purpose or intent of this statute. One of the defendants was sworn and examined as a witness on the part of plaintiffs, and fully understood the trial was taking place.

In this case the defendants did not fail to appear, but appearing, willfully refused to answer when the case was called, or to take part in the trial. This did not constitute a default on the part of the defendants within the meaning of this statute, but it was a voluntary abandonment by them of their case. (*Baldwin* v. *Carter*, 15 Johns., 496; *Barber* v. *Parker*, 11 Wend., 52; *Cornell* v. *Bennett*, 11 Barb., 657.)

We are of the opinion that there was no failure to appear before

the justice at the time to which the trial of this action was adjourned within the meaning and spirit of the statute, and, therefore, that the court below had no power or authority to make the order in question. It, therefore, follows that the order appealed from should be reversed.

MARTIN and MERWIN, JJ., concurred.

Order reversed, with costs and disbursements.