ANNA M. CLARK, APPELLANT, v. PERRY W. ELDRED, RESPONDENT.

*Referee's report set aside because of the misconduct of the referee.*

Upon an appeal by the plaintiff from an order of the Rensselaer County Court, granting a new trial on the ground of misconduct on the part of the referee, who had reported in favor of the defendant for costs, it appeared that the alleged improper conduct of the referee consisted in drinking liquor with the defendant, at his expense, in saloons, while the reference was pending, and in altering his report after it had been delivered to the defendant's attorneys. The court imposed as a condition of setting aside the report, that if the plaintiff should be successful upon the merits upon a new trial, she should credit the defendant, on the judgment or any execution issued thereon, with the sum paid by him for referee's and stenographer's fees on the first trial.

*Held,* that the court was fully justified in setting aside the report.

That, as the ground on which it was set aside was, to some extent at least, chargeable against the defendant, that the portion of the order appealed from which imposed the condition as to paying referee's and stenographer's fees, should be stricken out.

That the order was appealable under section 1340 of the Code of Civil Procedure, as amended by chapter 507 of 1888.

APPEAL by the plaintiff from an order of the Rensselaer County Court, which was entered in the office of the clerk of Rensselaer county on the 17th day of June, 1889.

The appeal is taken from that portion of the said order which read as follows, to wit: Except that it is further ordered, as a condition of granting a new trial herein, that if the plaintiff shall hereafter be successful and recover a judgment upon the merits thereof against the defendant in said action, upon a new trial thereof, plaintiff shall credit the defendant upon said judgment, or any execution issued thereon, the sum paid out by him for referee's and stenographer's fees on said first trial, in reduction of said final judgment in favor of the plaintiff.

*H. A. King,* for the appellant.

*D. M. Westfall,* for the respondent.

LEARNED, P. J.:

The opinion in *Reilley* v. *Delaware and Hudson Canal Company* (102 N. Y., 383), gives two reasons for its conclusion; one

that no order had been entered in the County Court. If no order had been, in fact, entered, then, of course, there was no occasion justifying a decision that such order could not be reviewed. The other reason was that an order granting or refusing a new trial was not an order affecting a substantial right. (Code Civil Pro., § 1340.) This decision made it necessary for the legislature to express its meaning more clearly. And it did so by chapter 507, Laws of 1888, amending section 1340 Code Procedure. Since that amendment it would be difficult for the Court of Appeals to deny the right of appeal under that section. (*Ithaca Agl. Works* v. *Eggleston*, 107 N. Y., 277.) With this section thus amended, and with section 1342 as amended in 1881, chapter 135, we think that the present appeal lies to this court. (*Cramer* v. *Lovejoy*, 41 Hun, 581; *Gray* v. *Fisk*, 53 N. Y., 630.)

We think, also, that there are cases where the terms imposed on granting relief may be so contrary to those established by law and practice as to justify a review in this court. (*O'Brien* v. *Long*, 49 Hun, 81.) The order of the County Court granted a new trial on the ground of misconduct of the referee. He had reported in favor of the defendant for costs. The court imposed as terms that if the plaintiff should be successful on the merits upon a new trial, she should credit the defendant on the judgment and execution with the sum paid by him for referee's fees and stenographer's fees on the first trial. There are two constructions which may be given to this order. One is that the plaintiff, if successful, would, on final judgment, include in her costs the referee's fees and stenographer's fees on the former trial, and, therefore, that the defendant should not pay these twice. The other is that the plaintiff would not include these sums in her costs and that the defendant would offset what he had paid for the referee and the stenographer. The latter is the construction put on the order by the plaintiff, and on that construction she insists that the order is unjust in its terms.

The alleged improper conduct of the referee consists in drinking liquor with the defendant at his expense in saloons, while the reference was pending, and in altering his report after it had been delivered to the defendant's attorney. Enough appears in the affidavits to fully justify the setting aside of the report. And it will be seen that the grounds on which it was set aside are, to some

extent, at least, chargeable against the defendant. It seems, therefore, rather strange that the terms imposed on setting the report aside should be beneficial to the defendant, on whom some of the blame must rest for this miscarriage of justice.

Justice plainly would require that the referee should refund what he has received for fees. But, perhaps, this cannot be brought about. But should the plaintiff finally recover in the action, then it will have been determined that she had a just claim, and that the defendant was wrong in neglecting to pay it. It would then seem unreasonable to make the plaintiff, in that case, pay the fees of the first referee and of the stenographer, when she was in no way blamable for the misconduct.

The claim in suit is about sixty dollars. The defendant's costs are over $374, of which the referee's fees are $125, and the stenographer's eighty-three dollars and fifty cents. To require the plaintiff, if successful, to pay these sums is practically to deny her justice. She is entitled to a fair trial. It is decided that she has not had that, owing to the fault of the referee, and, perhaps, of the defendant. If the referee alone were culpable, it might then be the just disposition to make these fees of the referee a part of the final costs so that they would fall on the unsuccessful party. But the order appealed from casts these fees on the finally successful party. For if the plaintiff is unsuccesful in the end, then we suppose the defendant will tax these fees in his final bill. And if the plaintiff is successful, she is required by this order to pay these fees. On the whole, it seems to us that the best disposition is to strike out that part of the order which is appealed from.

The part of the order appealed from is stricken out. The ten dollars costs of this appeal and printing disbursements to abide the event of this action.

PUTNAM and FISH, JJ., concurred.

Motion to dismiss appeal denied, with ten dollars costs; the part of the order appealed from stricken out; the ten dollars costs of appeal and printing disbursements to abide event of the action.