HENRY C. TUCKER, Appellant, *v.* HENRY PFAU, Respondent.

*Power of a County Court to grant a new trial before a justice of the peace — exercise of discretion not subject to review by another court.*

The exercise, by a County Court, of the discretionary power conferred by section 3064 of the Code of Civil Procedure, on an appeal from a judgment of a Justice's Court by a defendant who failed to appear before the justice, to grant a new trial before the same justice or another justice of the same county, is not subject to review by another court.

Hence, an order of a County Court granting the defendant a new trial before a justice of the peace, made in the exercise of the discretion assumed by the County Court to be possessed by it under said section 3064, must be affirmed, where, although the power of the County Court seemed to have been somewhat arbitrarily exercised, it could not be said that the affidavits on the part of the defendant were utterly barren of any facts for the consideration of the County Court upon the questions to which its discretion was applicable.

APPEAL by the plaintiff, Henry C. Tucker, from an order of the County Court of Erie county, entered in the office of the clerk of that county on the 8th day of September, 1892, granting the defendant a new trial before the justice of the peace by whom the judgment in the action which had been appealed from by the defendant, was rendered.

*Henry C. Adams*, for the appellant.

*John P. Hazel*, for the respondent.

BRADLEY, J. :

It is quite difficult to see in the affidavits on the part of the defendant any satisfactory excuse for his default in appearing before the justice on the day of the trial. It seems to have been assumed on the part of the defendant, without taking the trouble to obtain information on the subject, that the plaintiff had by his complaint demanded judgment for a sum exceeding fifty dollars, and, therefore, that the defendant could by appeal and demanding it, take a new trial in the County Court. (Code Civ. Pro. § 3068.) But as by his complaint the plaintiff sought to recover a less sum only, and as the defendant alleged no claim available against that of the plaintiff for a greater amount than fifty dollars, the defendant had no right by appeal to take such new trial; nor did the defendant make it clearly appear that manifest injustice was done him by the judgment. But upon appeal from a justice's judgment by a defendant, who has failed to appear at the time of the trial, and who shows by affidavit or otherwise that manifest injustice has been done, and renders a satisfactory excuse for his default, the appellate court may in its *discretion* set aside the judgment," and direct a new trial before the same or another justice of the county. (Code Civ. Pro. § 3064.) It was by the exercise of the discretion which the County Court assumed to have that the new trial was granted before the same justice in the present case. And while it may seem that the power of the County Court was somewhat arbitrarily exercised in granting the new trial, it was, nevertheless, so much a matter of discretion as not to be the subject of review by another court. ( *Wavel* v. *Niles*, 24 N. Y. 635; *Reilley* v. *D. & H. C. Co.*, 102 id. 383, 386; *Tanner* v. *Marsh*, 53 Barb. 438; *Thomas* v. *Keeler*, 52 Hun, 318.)

The cases cited on the part of the plaintiff are mainly those of the County Courts on appeals from justices' judgments, and of the Court of Common Pleas of the city of New York on appeals thereto from the District Courts of that city, to which appeals the provisions of the statute before mentioned are in like manner applicable. (Code Civ. Pro. § 3213.) And, therefore, those cases do not necessarily furnish authority beyond the court of review, in

which is vested the discretionary power given to it by the provisions of section 3064 of the Code. It cannot be said that the affidavits on the part of the defendant were utterly barren of any facts for the consideration of the County Court upon the questions to which its discretion was applicable.

And, therefore, the order must be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Order of the Erie County Court appealed from affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Application of BENJAMIN C. MILLER, Judgment Creditor, Appellant, for the Payment of his Claim Against the Estate of JOHN MORTON, Deceased; FIDELIA R. MORTON, as Administratrix, etc., Respondent.

*Judgment against a person deceased after the rendition of the verdict — irregularities in, cured by amendment — proceeding for payment of, as a claim against the decedent's estate — dismissal of the petition — Statute of Limitations — sections 1210, 1237, 2717 and 2718 of the Code of Civil Procedure.*