AUGUSTINE WRIGHT, Appellant, *v.* GEORGE W. CHASE, Respondent.

*Motion to continue an action — discretionary — not reviewable by another court.*

A motion made by the plaintiff in an action, to continue the same in the name of the administratrix of the defendant, is addressed to the discretion of the court.

Decisions of one court resting in discretion are not reviewable in another, unless such review is specially authorized by law.

APPEAL by the plaintiff, Augustine Wright, from a judgment of the Chautauqua County Court in favor of the defendant, entered in the office of the clerk of the county of Chautauqua on the 10th day of June, 1893, with notice of an intention to bring up for review the interlocutory judgment, dated the 5th day of June, 1893, and an order entered in said clerk's office on the 10th day of June, 1893, denying the plaintiff's motion to continue the action in the name of the defendant's administratrix.

*W. B. Hooker,* for the appellant.

*A. R. Moore,* for the respondent.

DWIGHT, P. J. :

The motion was denied on the ground of *laches.*

The action, which was a common-law action on contract, was commenced in September, 1888. The answer pleaded a denial and a counterclaim, and issue was finally joined by the service of a reply in November, 1888. It was noticed for trial by both parties for the term of the court held in the following February, and was on the calendar of that term, but went over by consent. From that time no step in the action was taken by either party until more than a year after the death of the defendant, which occurred in October, 1890; and in November of the same year his widow was appointed administratrix of his estate. On the 5th day of November of the next year, 1891, the plaintiff gave notice of a motion to continue the action in the name of the administratrix, but that motion was allowed to go down, and no further step of any kind was taken in the action until May, 1893, when the motion was renewed, and the order made from which this appeal was taken.

WRIGHT v. CHASE. 91

The opposing affidavit of the administratrix shows that, as was to have been expected, the defendant was the most important witness in his own behalf, both to meet the evidence which might be given to establish the claim on the part of the plaintiff, which was for unliquidated damages for the alleged breach of an alleged oral contract between the parties, as well as to establish the counterclaim alleged on his own part. And in addition to the fact of the death of the defendant, more than two years after the action was commenced, the same affidavit showed that another important witness for the defense had died before the motion for a continuance of the action was renewed, and that, if other witnesses were living, by whom any of the facts material to the defense could be established, they had become scattered, and the administratrix was ignorant of their whereabouts.

On the other hand, facts were stated in the moving affidavits which tended, in some degree, to excuse the apparent *laches* on the part of the plaintiff in not bringing the action to trial during the lifetime of the defendant, and in not moving promptly for its continuance after his death.

Upon all the facts thus appearing, the motion to continue the action was one addressed to the discretion of the County Court. That such a discretion existed, notwithstanding the apparently mandatory language of the statute, which provides for the continuance of an action in which the cause of action survives the death of a party (Code Civ. Proc. § 757), is not to be questioned, under the authority of such cases as *Coit* v. *Campbell* (82 N. Y. 509); *Lyon* v. *Park* (111 id. 350), and *Duffy* v. *Duffy* (117 id. 647). So that, if the order had been made by a Special Term of this court, we should have been called upon by this appeal to review the exercise of that discretion and determine whether it has been properly exercised in the particular case. But such, we believe, is not the duty or privilege of this court in the case of a discretion exercised by the County Court. So it was held in this court in the case of *Tucker* v. *Pfau* (70 Hun, 59), and such is the doctrine of the Court of Appeals in *Wavel* v. *Wiles* (24 N. Y. 635), and *Reilley* v. *D. & H. Canal Co.* (102 id. 383, 386). In the latter case the court, in an opinion by RAPALLO, J., says: " The general rule is well settled that the decisions of one court, resting in discretion, are not

reviewable in another unless such review is specially authorized by law." There is neither general nor special authority for such review in this case, and for that reason, if for no other, the order appealed from must be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Order appealed from affirmed, without costs to either party.