SABINA CARPENTER, Respondent, *v.* ANDREW B. MILES, Appellant.

*New trial — discretionary order denying a motion for a new trial made in a County Court — when not reversed on appeal to the Supreme Court.*

A motion for a new trial, made in a County Court and based upon excessive damages, is one which is addressed to the discretion of that court, and, being a matter resting in discretion, will not be reversed on appeal by the Supreme Court unless there has been an abuse of discretion in the County Court.

APPEAL by the defendant, Andrew B. Miles, from a judgment of the County Court of Jefferson county in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 1st day of April, 1895, upon the verdict of a jury, and also from an order bearing date the 28th day of March, 1895, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

This action was brought to recover damages for an alleged assault and battery. The plaintiff recovered a verdict for $500.

*John Conboy,* for the appellant.

*Isaac R. Breen,* for the respondent.

HARDIN, P. J.:

We have looked carefully through the evidence given at the trial, and are of the opinion that it sustains the verdict. It was for the jury to resolve the sharp and stubborn conflict furnished by the different witnesses. The charge of the learned county judge fairly presented the questions of fact to the jury, and he instructed the jury that if they found malice on the part of the defendant, they might give punitive damages. We are not willing to disturb the verdict by reason of the amount thereof, to wit, $500. Besides the motion for a new trial as to the extent of the damages, was addressed to the discretion of the County Court. We ought not to disturb the conclusion reached by that court in the exercise of its discretion. (Code, § 1340, as amended in 1895; *Thomas* v. *Keeler,* 52 Hun, 318; *Tucker* v. *Pfau,* 70 id. 59; *Kincaid* v. *Richardson,* 25 id. 237; *Wright* v. *Chase,* 77 id. 90; *Reilley* v. *D. & H. C. Co.,* 102 N. Y. 383; *Clark* v. *Eldred,* 54 Hun, 5.)

No exceptions were taken during the trial which justify us in interfering with the verdict of the jury.

MARTIN, J., concurred; MERWIN, J., concurred in the result.

Judgment and order affirmed, with costs.

