THE PEOPLE OF THE STATE OF NEW YORK, Respondent. *v.* CHARLES YOUNG, Defendant.

CHARLES RIEGER and ELIZABETH RIEGER, Appellants.

*Bail — liability for the expenses of extraditing a prisoner — an application for a remission is addressed to the court's discretion — in what court made.*

Upon an appeal by Charles Rieger and another, sureties upon a bail bond, from an order of the Court of Sessions of Monroe county denying their motion for a remission to a certain extent of the forfeiture of the bail bond of one Young, it appeared that Young was arrested and that the appellants became his bail in the sum of $2,500 for his appearance to answer to an indictment if one should be found; that subsequently Young was indicted for assault in the first degree; that in the meantime he had gone to England; that an attempt was made to extradite him, and that the sheriff of Monroe county sent a deputy to England; that Young was tried, convicted and imprisoned in England, and that the deputy returned; that the sheriff presented a bill to the board of supervisors for these services, which was audited at $989.90; that when Young's term of imprisonment in England expired the sheriff sent another deputy to England, who brought Young to the county of Monroe, and that the sheriff's bill for this service was $1,049.19; that judgment was taken against the appellants as bail for $2,518.30; that by the order appealed from there was remitted the excess of that sum over $2,039.

*Held,* that the order being one affecting a substantial right was appealable;

FIFTH DEPARTMENT, DECEMBER TERM, 1895.　　　[Vol. 92.

That although made in a court having criminal jurisdiction it would, for the purposes of the motion, be deemed to have been made in a civil special proceeding as distinguished from a criminal special proceeding, and would be treated as coming within the provisions of the Code of Civil Procedure;

That the motion might have been made either in the Court of Sessions or in the County Court;

That the motion must be regarded as one which sought a favor and was addressed to the discretion of the court;

That as a general rule one court would not review the discretion of another court unless authorized to do so by statute, or unless the discretionary power had been abused by the lower court in such a manner as to constitute an error in law;

That, although the sheriff's bills were large, the sheriff's charges would, unless paid by the sureties, fall upon the county, and that the county was entitled to indemnity;

That while it was true that, as between the United States and Great Britain, the expenses of extradition were those of the Federal government, yet when the question as to who should pay them arose as between the Federal government and the county where the crime was committed, such expenses having been incurred by the officers of the county, they could not seek indemnity elsewhere.

APPEAL by Charles Rieger and another, sureties on the bail bond of the defendant, from an order of the Court of Sessions of Monroe county, entered in the office of the clerk of. the county of Monroe on the 29th day of January, 1895, denying their motion for a remission, to the extent sought, of the forfeiture of the bail bond of Charles Young.

*Abraham Benedict,* for the appellants.

*Fred. C. Hanford, Assistant District Attorney,* for the respondent.

BRADLEY, J. :

The defendant Young was arrested on the charge of assault in the first degree, and the appellants became his bail in the sum of $2,500 for his appearance to answer to an indictment if it should be found by the grand jury. They presented one against the defendant for assault in the first degree. In the meantime Young had left the country and gone to England. With a view to his extradition a requisition and warrant of the Executive of the United States were obtained and the sheriff of Monroe county sent his deputy to England after Young. He remained there during the pendency

of a prosecution in that country against the defendant which resulted in conviction and imprisonment. Thereupon the deputy returned to this country. The bill presented by the sheriff to the board of supervisors for the service was $1,159.90, of which the sum of $989.90 was audited by the board and put into the tax levy. Shortly prior to the expiration of the term of imprisonment for which Young was sentenced in England, the deputy of the successor in office of the sheriff before mentioned went to England, was there when Young was discharged from such imprisonment, and pursuant to the extradition treaty between the two countries took Young into custody and brought him from there to the county of Monroe. The amount of the sheriff's bill for this service, as made out for presentation to the board, was $1,049.19. It does not appear that any action of the board of supervisors had been taken on this bill at the time the proofs in this proceeding were prepared in April, 1894. In October, 1893, judgment was recovered against the appellants upon their undertaking as bail for the sum of $2,518.30. The excess of that sum over $2,039 was remitted by the order appealed from.

The main purpose of the statutory requirement of bail, which, when furnished, relieves the person charged with crime from custody, is to have such assurance as it may furnish of the appearance of the principal to answer to an indictment and of his presence for trial, and as indemnity for the consequences of his failure to submit himself to the jurisdiction of the court. His default gives a right of action upon the undertaking executed by the bail to recover the amount of it. This was the consequence of the default of the principal in the case in question. By their motion the sureties of Young sought to invoke the discretion of the Court of Sessions for relief *pro tanto* from the judgment recovered against them. The statute on the subject provides that "After the forfeiture of the undertaking or deposit, as provided in this article, the court directing the forfeiture, the County Court of the county * * * may remit the forfeiture or any part thereof upon such terms as are just." (Code Cr. Proc. § 597.)

"The application must be upon at least five days' notice to the District Attorney * * * and can be granted only upon payment of the costs and expenses incurred in the proceedings for the enforcement of the forfeiture." (Id. § 598.) The forfeiture was

FIFTH DEPARTMENT, DECEMBER TERM, 1895.          [Vol. 92.

directed by the Court of Sessions of Monroe county, and, therefore, the motion was properly made in that court for the remission.

The right of appeal in criminal cases is dependent upon the statute as are also appeals from orders. (*People* v. *Thompson*, 41 N. Y. 1.) If the order in question should be deemed to have been made in a criminal action, the appeal would have the support of no statute. The Court of Sessions is a court of criminal jurisdiction. It is, nevertheless, a court of record of original jurisdiction. And the statute provides that an appeal may be taken to the Supreme Court from an order affecting a substantial right made by a court of record possessing original jurisdiction in a special proceeding instituted in that court pursuant to a special statutory provision. (Code Civ. Proc. § 1357.) The order was made in a special proceeding, and, although made in the Court of Sessions, it may, in view of the purpose of the motion, be deemed to have been made in a civil, as distinguished from a criminal special proceeding, and, therefore, treated as within the provisions of the Code of Civil Procedure, entitled "An act relating to Courts, Officers of Justice and Civil Proceedings." It was optional with the appellants to make the motion either in the Court of Sessions or the County Court.

Assuming, therefore, that the order affects a substantial right, it is appealable. The difficulty encountered by the appellants is in the fact of the discretion of the Court of Sessions in determining the matter of the application on which the order was made. The bills for charges and expenses in recapturing Young and bringing him into the jurisdiction of the court for the purpose of his trial for the offense, may seem large and somewhat unreasonable, as they were made to appear upon the application of the appellants for relief. Yet the motion made by them was in some sense one for favor. And the court was justified in requiring that the county of Monroe should, so far as the obligation of the sureties would permit, be indemnified against loss arising from the expenses with which it was or might be chargeable in consequence of the default of their principal. The charges for the amounts mentioned were made by the sheriffs. Those of one of those officers had been acted upon, considered and audited by the board of supervisors for a sum somewhat less in amount than that for which the bill was presented by him. The other bill, on the same basis, very likely became the

subject of consideration, and was audited for some amount before the order appealed from was made, and as between the board of supervisors and the sheriffs it does not appear whether or not the bills were challenged otherwise than by the investigation given to them by the board. In this and in the audit the board of supervisors are deemed to have acted judicially. It may, therefore, be assumed that the taxable property of the county of Monroe became chargeable with the amount of such bills as audited and allowed by the board of supervisors. So far as appears, the order in question remits the amount of the recovery in excess of that found necessary to indemnify the county for the expenses charged in taxes upon the assessment rolls as perfected by such board.

The provision of the statute, that the court referred to "may remit the forfeiture, or any part thereof, upon such terms as are just," confers a discretionary power upon it. (*People* v. *Spear*, 1 N. Y. Cr. Rep. 538.)

And the general rule is that one court will not review the discretion of another court unless authorized by statute to do so, or unless such discretionary power has been abused by the latter court in such manner as to constitute error in law. (*Wavel* v. *Wiles*, 24 N. Y. 635; *Reilley* v. *D. & H. C. Co.*, 102 id. 383; *Tanner* v. *Marsh*, 53 Barb. 438; *Thomas* v. *Keeler*, 52 Hun, 318; *Tucker* v. *Pfau*, 70 id. 59.)

The appellants, by their application to the Court of Sessions, sought its favor and discretion for relief, and by requiring full indemnity to the county for the expenses incurred in recapturing Young, with which it was through its constituted authorities charged, it cannot well be said that the discretion of the court was abused by the order there made. It is, however, urged on the part of the appellants that the expense of recapturing Young was not a county charge, but that such expense is primarily that of the Federal government. It is true that as between the United States and Great Britain the expenses of the extradition pursuant to the treaty are to be borne by the former, but the relation in that respect between the two governments does not control as to the primary or ultimate duty or obligation as between the Federal government and the county in which the crime is alleged to have been committed by the extradited person.

The expenses of the recapture of Young were incurred by the officers of Monroe county. Those officers cannot seek indemnity elsewhere. And it was within the power of the court to treat the expenses as incurred in behalf of the county. And they were properly the subject of consideration by the court upon the motion made for remission of the forfeiture.

These views lead to the conclusion that the order must be affirmed.

LEWIS and ADAMS, JJ., concurred; WARD, J., not sitting.

Order affirmed, without costs.