(17 ,Misc. Rep. 661.)

RISLEY v. VAN DELINDER. SAME v. CUMMINGS. SAME v. PRATT. SAME v. OSSOSKI.

(Supreme Court, Special Term, Steuben County.    July, 1896.)

1. JUSTICES OF THE PEACE—APPEAL—NEW TRIAL IN APPELLATE COURT.
    The right to a new trial in the appellate court where the amount demanded in the pleadings exceeds $50 (Code Civ. Proc. § 3068) is governed by the pleadings on which the case was tried; and it is immaterial that the amount demanded was reduced to $50 by an amendment of the complaint, made in the absence of defendant, who failed to appear, relying on his apparent right to a new trial.

2. SAME—IMPROPER DEMAND—EFFECT.
    An appeal for a new trial in the appellate court, in a case where the right to such new trial does not exist, will not be dismissed, but it will be heard as if a new trial had not been demanded.

Appeal from justice court.

Separate actions by Clarence N. Risley against Daniel A. Van Delinder, Joshua Cummings, Henry A. Pratt, and Sidney Ossoski, respectively.    A judgment was rendered in favor of plaintiff in each case, and defendants appeal.    The appeals were transferred from the county court to the supreme court because of the disqualification of the county judge.

Edwin L. Dolson, for appellants.

J. C. Sebring, for respondent.

BRADLEY, J.    On the return day of the summons the parties appeared, the plaintiff by his complaint charged the defendants with conversion of certain "wares, merchandise, and property," which he alleged belonged to him, and demanded judgment for $175 in each case.    The defendants severally answered, denying the allegations of the complaint.    The trials were adjourned to a later day.    The plaintiff then appeared.    There was no appearance on the part of any of the defendants on the adjourned day.    The plaintiff then amended his complaint in each case by reducing the sum of the alleged value of the property, and accordingly the amount of judgment demanded, below $50.    The plaintiff then proceeded to trial, which resulted in judgment against Van Delinder for $49 damages and $1.80 costs, against Cummings for $17 damages and $1.80 costs, against Pratt for like sum, and against Ossoski for $10 damages and $1.80 costs.    The reason given by the defendants for not appearing on the adjourned day is that it was a considerable distance from their place of residence to the place where the justice held his court, and that they were advised by their counsel that a new trial could be taken in the county court, where the action could be tried with less incon-

venience on their part. The reason for the advice given the defendants by their counsel, that they could take a new trial in the county court, was founded on the fact that the plaintiff had in his complaints demanded judgments for more than $50. Code Civ. Proc. § 3068. And accordingly the defendants served notices of appeal, in which they demanded new trials in the county court.

It is now insisted on the part of the defendants that the plaintiff could not, and therefore did not, defeat their right to such new trials by amendment of the complaints in their absence on the adjourned day. The statute provides that the court must, upon application, allow a pleading to be amended at any time before trial or during the trial, if substantial justice will be promoted thereby. Code Civ. Proc. § 2944. It was within the power of the justice to allow the complaints to be amended on the adjourned day. And the affidavit on the part of the plaintiff is to the effect that the amendment of the complaint in each action was so made as to charge the defendant therein specifically with the liability incurred by him, exclusive of that of the other defendants; and that the causes of action against the defendants were different, except that the recoveries against the defendants Cummings and Pratt were for the same cause of action. There is, however, some reason to apprehend that in the reduction of the sum for which judgment was demanded in each case was the purpose to defeat a new trial in the county court. But the complaints as so amended, nevertheless, then became the only pleadings on the part of the plaintiff in the action.

The insistence of the defendants' counsel that the complaints filed with the justice on the return day are, for the purposes of the right to a new trial on the appeals, to be treated as the complaints in the actions, cannot be sustained. The provision of the statute that where an issue is joined before the justice, and the sum for which judgment is demanded exceeds $50, the appellant may take a new trial in the county court, whether or not he was present at the trial, does not necessarily refer to the issues joined on the return day, and render the pleadings then filed effectual to give the right to a new trial, although afterwards amended, and the sum demanded reduced below $50. The question of right to a new trial in the county court is dependent upon the amended pleading, if it differs from the original in the amount for which judgment is demanded. Hinkley v. Railroad Co., 42 Hun, 281. As the amended complaints became the only pleadings on the part of the plaintiff, it does not seem that the defendants can have any right to a new trial in the county court. If it was an error for the justice to allow the amendment, it would furnish a reason for the reversal of the judgment.

Attention is called by counsel to Jaycox v. Pinney, 62 Barb. 344, where, on the trial, the justice permitted the plaintiff to amend his complaint by reducing the sum for which judgment was demanded below $50. The county court reversed the judgment, but the judgment of the county court was reversed. In the opinion of the court it was said that, "in case such an amendment is made in the absence of the defendant, who may have relied on his right to a new trial, the amendment might be more objectionable." This remark obiter

is not an expression that in such case the judgment should be reversed; and, inasmuch as it was in the power of the justice to allow the amendment, it does not seem that any ground for reversal is furnished by the amendment. The county court cannot, nor can this court, when it takes the place of that court to review a judgment of a justice's court, arbitrarily review the discretion of that court, and reverse its judgment. It is a well-settled rule that one court cannot review the discretion of another court except in the cases in which authority to do so is given by statute. Thomas v. Keeler, 52 Hun, 318, 5 N. Y. Supp. 359; Tucker v. Pfau, 70 Hun, 59, 23 N. Y. Supp. 953. In the case where a new trial is not had "the appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits." Code Civ. Proc. § 3063. This provision is more applicable to the case of an affirmance of a justice's judgment, and requires the appellate court to overlook those nonessential errors and defects which appear in the proceedings and trial before the justice. And, really, there is not much discretion conferred upon the appellate court in such cases. There is, however, a provision under which a new trial before the justice is sought that the appellate court may, in its discretion, set aside the judgment appealed from, and stay proceedings thereon, and direct such new trial. Code Civ. Proc. § 3064. But this does not confer an arbitrary discretion on the appellate court. The right to grant such relief depends upon the fact, to be shown by affidavit or otherwise, that manifest injustice has been done to the defendant, who renders a satisfactory excuse for his nonappearance before the justice. The defendants in the present case were purposely in default. They did not intend to appear before the justice on the adjourned day. No excuse for their default, therefore, is shown within the meaning of that provision of section 3064. Thomas v. Keeler, 52 Hun, 318, 5 N. Y. Supp. 359.

It will hardly do to hold that a reason founded on a contemplated condition of the pleadings which did not exist at the time of the trial was a reasonable excuse for the default. The defendants purposely did not appear before the justice, simply because they supposed they would have a remedy by new trial on appeal from the judgments, to which, by reason of the amendment of the complaints, they were finally not entitled. There was, however, no amendment of the cause of action alleged in the complaints. And, if it were important for any purpose to treat the answers to the original complaints as continuing answers to them as amended, they might, with propriety, be so treated. The subject of the action is not changed in any respect by the amendment to the complaints. The alleged value of the property in question was, by the amendment in each case, reduced to nearly the amount for which judgment was demanded; and, as no other change is made, the alleged causes of action remain the same. No new answers were, therefore, required to continue the issue. These views lead to the conclusion that the defendants are not entitled to a new trial in the county court, nor can a new trial before the justice be granted. This is no reason for dismissal of appeals.

They are, nevertheless, to be considered the same as if no demand for a new trial had been inserted in the notice of appeal.    Matteson v. Hall, 64 How. Prac. 515; Kimball v. Rich (Super. Buff.) 3 N. Y. Supp. 248.    The defendants are not entitled to new trials in the appellate court, and this motion for new trials before the same or another justice is denied, and the plaintiff's motion to dismiss the appeal is also denied.

Motions denied.