BRADLEY, J.
—The action was one at law- to recover the purchase price of goods sold by the plaintiff to a person other than the defendant, having the same name as the one on whom the summons was served. The mistake was discovered after the defendant had answered and the action had been noticed and placed upon the calendar for trial. Then the plaintiff’s motion for leave to discontinue was made, and granted on payment of $10 costs. It is insisted on the part of the defendant that, as the action was one at law, he was entitled to the amount of costs which would have been taxable for the proceedings had up to that time if he had recovered judgment. In support of that view is cited Claflin v. Robertson (Sup.), 6 N. Y. Supp. 430. It cannot well be supposed that the court in that case intended to hold that there was, on the question of costs, no discretion in the court on granting to a plaintiff leave to discontinue an action at law. The right to costs is dependent upon the statute, which provides that in such an action the defendant is entitled to specified costs upon the rendition of final judgment. Code Civ. Proc. § 3229. This provision is not available to the defendant, as it is applicable- only when such result is reached in an action. The terms or conditions on which the plaintiff’s application should be granted were addressed to the discretion of the county court, and, leave being given to discontinue the action, the defendant’s right to costs was derived from the order. Overton v. Bank, 3 N. Y. St. Rep. 169; De Barante v. Deyermand, 41 N. Y. 355. While it may be usual to require the payment of all accrued costs as a condition of allowing the discontinuance of an action on plaintiff’s application, there may be cases where reasons appeal’ to the court for imposing more moderate terms as to costs. In the present case there were some circumstances which may have been urged upon the application, and considered by the court, in support of the view there taken of it. The order *788 appealed from was made by a court other than that in which the review is sought, and, as the discretionary power of that court is not deemed to have been arbitrarily exercised, the-result given by the order should be permitted to remain. Tucker v. Pfau, 70 Hun, 59; 53 S. R. 553.
The order should be affirmed.
All concur.