JOHN H. MARKELL, Respondent, *v.* SAMUEL K. NESTER, Appellant.

*Revivor — application of an administratrix to be substituted as plaintiff in an action brought by her intestate* — laches.

In an action brought on January 14, 1892, to recover commissions for services rendered by the plaintiff, the issues were in the following August referred to a referee. In January, 1895, the plaintiff died and his administratrix, appointed in January, 1898, two days after such appointment, made the moving affidavit used on an application for her substitution as plaintiff in the action.

The opposing affidavit stated that by reason of the death of two important witnesses, one occurring in 1889, the other in 1897, the defendant was unable at the time that such application was made to prove the payment of the commissions for the services of the plaintiff.

*Held*, that, as it was within the power of the defendant to have noticed the case for hearing before the referee, and to have compelled a trial of the issues, or a dismissal of the complaint, at any time from August, 1892, to January, 1895, and that as the administratrix had moved promptly upon her appointment for her substitution as a party plaintiff, and consequently was not guilty of *laches*, her motion should have been granted.

APPEAL by the defendant, Samuel K. Nester, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Seneca on the 30th day of March, 1898, substituting Nellie E. Chamberlain, as administratrix of the goods, chattels and credits of John H. Markell, as plaintiff in the place of said John H. Markell, who has died, and also substituting attorneys for the plaintiff.

On the 14th day of January, 1892, W. C. Hazelton, attorney, commenced the action upon an agreement made by the defendant with the plaintiff, as the defendant's agent for the purchase of barley, agreeing to pay the plaintiff for his services and for storage two cents per bushel for all which the plaintiff purchased and which was delivered by the sellers at the railroad station. The complaint alleged that between the 25th day of August, 1886, and the 19th day of May, 1887, the plaintiff purchased 32,860 bushels and 11 pounds of barley; that the total purchases were 32,860.11 bushels, and that the plaintiff's commissions amounted to $657.20 for the quantity delivered at one depot, and the commissions for the quantity purchased and delivered at another point amounted to $263.82, making the total commissions of the plaintiff the sum of $921.02, and that the defendant had paid $160.98 to apply on the commissions and services and no more, leaving due the sum of $760.04 and interest from the 19th of May, 1887.

The defendant answered and set up an agreement with the plaintiff, and alleged " that the defendant from time to time during said employment paid and advanced to the plaintiff the full purchase price for said barley, and from time to time during the same period paid to the plaintiff in full his said commissions for purchasing and delivering said barley," and in other respects denied the complaint.

On the 17th of August, 1892, the issues were referred to F. L. Manning, Esq., to hear, try and determine.

On the 4th day of March, 1895, Mr. Bachman was substituted as attorney in the place of Backenstose & Keyes, who were the attorneys who served the answer.

On or about the 31st day of January, 1895, John H. Markell, the plaintiff, died intestate, and on the 25th day of January, 1898, Nellie E. Chamberlain was appointed by the Surrogate's Court of the county of Seneca administratrix of the goods, chattels and credits

of the said John H. Markell, deceased. Letters of administration were issued to her. Two days thereafter, to wit, on the 27th day of January, 1898, she made the affidavit used upon the motion.

The affidavit of the defendant states that one Jenkinson was an important witness by whom he could prove the payment of the claim and that he died on the 16th of March, 1889. The affidavit of the defendant also states that one A. J. Smith knew of some of the payments made by the defendant to the plaintiff and heard some admissions made by the plaintiff to the effect that the defendant had paid the plaintiff for his services, and that Smith died on the 3d day of July, 1897; and that the defendant " cannot prove the payment of said commissions, and for said services of the plaintiff, or either, by any one since the death of said Smith."

*George L. Bachman,* for the appellant.

*J. N. Hammond,* for the respondent.

HARDIN, P. J. :

Section 757 of the Code of Civil Procedure provides as follows : " In case of the death of a sole plaintiff, or a sole defendant, if the cause of action survives or continues, the court must, upon a motion, allow or compel the action to be continued, by or against his representative or successor in interest."

An inspection of the complaint shows that the cause of action stated is one which survives.

It is provided by section 761 of the Code of Civil Procedure that, after the death of the plaintiff, the court may, " in its discretion, upon notice to such persons as it directs, and upon the application of the adverse party, or of a person whose interest is affected, direct that the action abate, unless it is continued by the proper parties, within a time specified in the order, not less than six months, nor more than one year, after the granting thereof."

The defendant did not avail himself of the provisions of this section. From the 17th of August, 1892, until the 23d of January, 1895, twenty-seven months and fourteen days, it was within the power of the defendant to have noticed the reference and compelled a trial of the issues or a dismissal of the complaint. The adminis-

tratrix moved promptly after her appointment for a substitution. She was guilty of no *laches.*

Upon the papers presented at the Special Term, a case was not made requiring the denial of the motion for substitution. We are satisfied with the direction the discretion of the Special Term took. (*Lyon* v. *Park*, 111 N. Y. 357; *Mason* v. *Sanford*, 137 id. 500.) In the case just cited it was said: "The rule as to the revival of actions by the substitution of the representative of a deceased party in this State is as follows: In legal actions there is no mere time limitation, but the motion to revive may be denied for *laches* in making the motion."

In *Wright* v. *Chase* (77 Hun, 90) the County Court had exercised its discretion, and an appeal from an order refusing to revive the action, and it was said that the discretion of the County Court could not be reviewed.

In *Holsman* v. *St. John* (90 N. Y. 461) it was held that the merits of a case for the defense should not be determined on a motion to revive an action.

*Laches* ought not to be imputed to the administratrix until her appointment. (*Barnes* v. *City of Brooklyn*, 22 App. Div. 520.) As has been stated, she was appointed on the 25th day of January, 1898, and her affidavit used upon this motion was made two days thereafter, on the 27th of January, 1898, and the notice of motion bears date the 31st of January, 1898. We think the order made at Special Term should be sustained.

All concurred.

Order affirmed, with ten dollars costs and disbursements.