(101 App. Div. 317)

## KILTS v. NEAHR.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. COUNTY COURTS—APPEAL FROM DEFAULT IN JUSTICE COURT—REFUSING NEW TRIAL—REVIEW.

The refusal of the County Court, under Code Civ. Proc. § 3064, to grant, in its discretion, a new trial to defendant on appeal from a default judgment in a Justice Court, and its affirmance of such judgment, is reviewable by the Supreme Court, under sections 1340 and 1342, providing that an appeal may be taken to the Supreme Court from a final judgment rendered by the County Court, and on such appeal an order granting or refusing a new trial may be reviewed, and that such an appeal may be taken from an order affecting a substantial right made by the County Court in an action brought therein or taken there by appeal.

2. SAME—ABUSE OF DISCRETION.

It is an abuse of discretion to refuse a new trial on appeal from a default judgment in a Justice Court; defendant's excuse for not appearing being perfect, the attorney to whom his attorney wrote to appear not having received the letter by reason of his absence, and the answer presenting a complete defense; and this though defendant's affidavit of a meritorious defense is denied by plaintiff and is not corroborated.

Appeal from Schoharie County Court.

Action by William J. Kilts against Mulford Neahr. From a judgment of the County Court entered on affirmance of a default judgment of a Justice Court, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Jordan & Cassidy, for appellant.
John S. Pindar (G. M. Palmer, of counsel), for respondent.

HOUGHTON, J. While temporarily in Schoharie county the defendant was sued in Justice Court. Upon returning to his home he gave the summons to his lawyer, with directions to defend. Instead of attending on the return day in person, his attorney forwarded the summons by mail to an attorney living in the locality, with instructions to appear and interpose an answer and fix some day for trial. By reason of this attorney's absence from home, he did not receive the papers until judgment had been taken against the defendant by default. The defendant pursued the only remedy given to him by law for the opening of the default and the granting of a trial upon the merits, by appealing to the County Court pursuant to the provisions of section 3064 of the Code of Civil Procedure. The County Court refused to open the default, and rendered a judgment of affirmance, with costs.

The first proposition with which we are confronted is that the judgment having been rendered in a Justice Court, and the opening of the default and the granting of a new trial being in the discretion of the County Court, this court has no jurisdiction to review its action. The question is in some confusion, and authorities can be found both upholding and denying such right. The jurisdiction of this court must be found, if it exists, in sections 1340 and 1342 of the Code of Civil Procedure. The original provision of these sections has been greatly

enlarged by amendments from time to time. The holding of Andrews v. Long, 79 N. Y. 573, to the effect that appeals to the Supreme Court from orders of the County Court were confined to actions originating in the County Court, was made nugatory by the amendment of section 1342 in 1881, which extended the jurisdiction of this court to cases which were taken by appeal to the County Court. And the decision in Hand v. Dorchester, 43 Hun, 33, to the effect that the Supreme Court could not review an order of the County Court granting or refusing a new trial because the verdict was against the weig'.t of evidence, and that of Reilly v. D. & H. Canal Co., 102 N. Y. 383, 7 N. E. 427, denying a review because of excessive or insufficient damages, were both overthrown by the amendment of section 1340 of the Code of Civil Procedure in 1888, giving to this court power to review a final judgment of an inferior court, or an order granting or refusing a new trial for any of the causes stated in section 999 of the Code. The more recent cases in which, in one form or another, it has been said that the discretion exercised by the County Court would not or could not be interfered with by this court on appeal, are Tucker v. Pfau, 70 Hun, 59, 23 N. Y. Supp. 953; Wright v. Chase, 77 Hun, 90, 28 N. Y. Supp. 310; Bantleon v. Meier, 81 Hun, 162, 30 N. Y. Supp. 706; National Wall Paper Company v. Szerlip, 9 App. Div. 206, 41 N. Y. Supp. 376; and Goss v. Hays, 40 App. Div. 557, 58 N. Y. Supp. 35. In Tucker v. Pfau and in Goss v. Hays the County Court had excused the defaults and granted new trials on appeals under section 3064. In the one case the order was affirmed, and in the other, which was decided by this court, the appeal was dismissed. It might well be that an appellate court should not interfere with the discretion thus exercised in granting a new trial, and it would seem that these cases should be confined to the situation involved in their decision. A motion had been made in Wright v. Chase, supra, to substitute an administratrix in place of the defendant, and it had been denied by the County Court for laches, and because the defendant had lost material evidence by the delay, and the order was affirmed. In Bantleon v. Meier, supra, the County Court had granted a new trial on the ground of newly discovered evidence. The appeal was entertained, and the order reversed upon a question of practice. The County Court had permitted the plaintiff in National Wall Paper Company v. Szerlip, supra, to discontinue his action upon payment of nominal costs, and the court on appeal affirmed the order; remarking that it did not appear that the discretion resting in the court below had been arbitrarily exercised, and therefore it would not be disturbed.

Notwithstanding certain expressions in the opinions in these cases that the appellate court could not review the discretion of the County Court, the result of the decisions seems to be that the appellate court would not interfere with such discretion; confining it to the same rule which applies to discretionary orders made at Special Term of the Supreme Court, where the discretion is not interfered with unless it be arbitrarily or improperly exercised. That this is the true rule is illustrated by the cases of Cramer v. Lovejoy, 41 Hun, 581, where the terms of allowing an amendment by a County Court in an action begun in Justice Court were held to be unjust and were modified, and of Clark

v. Eldred, 54 Hun, 5, 7 N. Y. Supp. 95, where the same course was pursued because of terms in setting aside the report of a referee and granting a new trial, and of New v. Aland, 62 How. Prac. 185, where the order permitting an amendment was too broad and was modified. In each of these cases it was distinctly held that the orders were appealable. In King v. Sullivan, 31 App. Div. 549, 52 N. Y. Supp. 130, it was held that an order of a County Court denying a motion to open a default and for leave to interpose an answer, even though involving the exercise of discretion, was appealable, under section 1342 of the Code of Civil Procedure, to the Appellate Division, because it affected a substantial right. To the same effect was the decision in Kubie v. Miller, 31 Misc. Rep. 460, 64 N. Y. Supp. 448. In Carpenter v. Miles, 92 Hun, 51, 36 N. Y. Supp. 383, it was said that such an order would not be reversed by the Supreme Court unless there had been an abuse of discretion.

We have reviewed the authorities to this extent in an endeavor to extract from them and from the sections of the Code the true rule in appeals of this character. Our conclusion is that this court has jurisdiction to review an order of County Court in an action brought in it or taken to it by appeal, where it affects a substantial right, even though made in the exercise of discretion.

We have treated the decision of the County Court upon appeal for the purpose of opening a default and the obtaining of a new trial as an order, although in form it is a judgment. The Code does not permit a party against whom a judgment has been taken by default in Justice Court to make a strict motion in the County Court for the opening of the default and the granting of a new trial, nor can he obtain any such relief in Justice Court. His only remedy is in the form of an appeal, which results either in the granting of a new trial, or in a judgment of affirmance upon its refusal. Such an affirmance of the judgment taken against him by default, with costs of the appeal added, is what was entered against appellant, and from which he appeals. If such determination be treated as a judgment, as it in form is, then the appellant's right to appeal under section 1340 of the Code of Civil Procedure is unquestioned.

Having thus come to the conclusion that this court has the right to pass upon the merits of the appeal, we think the County Court erred in refusing to grant a new trial. The defendant's excuse for not appearing was perfect. His answer, if true, was complete. The learned County Judge seems to have denied the new trial because the defendant's affidavit as to a meritorious defense, being denied by the plaintiff, was not corroborated by other witnesses. A rule to this effect seems to have grown up in the old Court of Common Pleas of the city of New York, and is illustrated by the case of Gardner v. Wight, 3 E. D. Smith, 334. However efficient this rule may have been in a court constantly importuned to open defaults, it is manifest that it ought not to be applied to every case. A person may bring action against another upon a transaction concerning which there are no witnesses except the parties themselves. If no circumstances appear upon the trial, and each be equally reputable and tell a reasonable story, the plaintiff must fail, because he has not met the burden of proof which the law

requires. It is therefore manifestly unjust to compel a defendant to produce a preponderance of proof under such circumstances. So far as appears, this may have been the situation with respect to the parties hereto. The County Court should have granted a new trial.

The judgment must be reversed, with costs, and a new trial granted, and the case remitted to the County Court of Schoharie county for the purpose of designating a justice and fixing a time for the new trial. All concur.