RUSSELL G. ROGERS, Respondent, *v.* NEW YORK STATE RAILWAYS, Appellant.

County Court, Oneida County, January, 1923.

**Appeals — right of appeal from Justice's Court — amount demanded in complaint exclusive of costs governs.**

The right to a new trial in the County Court on appeal from a judgment rendered in Justice's Court is dependent upon the amount for which judgment was demanded by one side or the other in the court below, without reference to the amount which the bill of costs may ultimately add to the recovery.

The amount demanded by a complaint in Justice's Court without an addition of costs governs as to the right of the appellant on appeal from a judgment rendered to demand a new trial in the County Court, and where the complaint demands judgment for fifty dollars " with costs " respondent's motion to dismiss the appeal will be denied, but a motion to strike out the demand for a new trial and transfer the cause to the law calendar will be granted.

MOTION to dismiss appeal and for other relief.

*Kernan & Kernan,* for appellant.

*Russell G. Rogers,* respondent in person.

HAZARD, J.   Defendant has taken an appeal for a new trial and the case has been put upon the Trial Term calendar of this court for retrial.   This is a motion to either dismiss the appeal or to strike out the demand for a new trial and transfer the cause to the law calendar.   Doubtless, the former relief cannot be given, as even if the appellant is not entitled to a new trial, his appeal would stand.

Section 442 of the Justice Court Act provides that when an issue of fact or of law was joined before the justice, and the sum for which judgment was demanded by either party exceeds fifty dollars, etc., the appellant may demand and is thereupon entitled to a new trial in the appellate court.   In this case the complaint demanded fifty dollars " with costs."   Appellant contends that the demand for costs added to the fifty dollars claimed by the plaintiff makes a sum which " exceeds $50."   This is denied by the moving party who insists that the amount is governed by the amount of damages demanded by one side or the other.

Curiously enough neither party is able to cite a case bearing directly upon the point.   It would seem as if the question must have been raised a great many times, but neither counsel nor myself has been able to find any reported case deciding the question at issue.

The question is squarely before the court in *Matteson v. Hall,*

64 How. Pr. 515. The General Term discussed it, but, unfortunately, refused to decide it, sending the case back to the County Court for its determination. What that determination was does not appear. There are numerous cases in which the subject is more or less directly involved. As I read these cases it seems to me that the various judges who have written on the subject have quite taken it for granted that the amount of damages claimed without an addition of costs is what governs. Among the cases which I have examined is *Risley* v. *Van Delinder,* 17 Misc. Rep. 661, in which the complaint demanded as damages forty-nine dollars, and presumably demanded costs, for recovery was had for that amount, with one dollar and eighty cents costs, a total of fifty dollars and eighty cents. The court held that a new trial could not be had in the County Court. The point at issue here was not discussed or apparently considered by the court, it seemingly being taken for granted that costs should be excluded from the computation.

*Hayes* v. *Kedzie,* 11 Hun, 577, although cited, is not an authority, because plaintiff's claim for damages seems to have amounted to fifty-two dollars and thirteen cents, besides interest.

*Vandervort* v. *Mink,* 113 App. Div. 601, is instructive. The complaint demanded judgment for forty-nine dollars. A counterclaim interposed in the answer demanded judgment for sixty-four dollars. The Appellate Division in this department, Judge Williams writing, seems clearly to hold that a new trial could not be had on the demand in the complaint, and rules that it could be had on the basis of the demand in the answer. The court said: " The question of a new trial in County Court was, therefore, *dependent upon the counterclaim.* We may, I think, assume that the costs were demanded in the complaint in that case, and we may safely also assume that they exceeded one dollar. The point is clear that the Appellate Division excluded the item of costs from its consideration."

To about the same effect is *Hall* v. *Werney,* 18 App. Div. 565, where the amount of damages demanded in the complaint was forty-five dollars. The court summarily decided that no new trial could be obtained on the demand in the complaint, although it is easily conceivable that the costs might have exceeded five dollars. No consideration whatever was given to that contingency. There is also the case of *Harvey* v. *Van Dyke,* 66 How. Pr. 396, in which plaintiff's claim for damages was fifty dollars. Defendant had in his answer what seems to have been regarded as a fictitious claim for damages, amounting to seventy-five dollars. No suggestion seems to have been made that a new trial could possibly be predi-

cated upon plaintiff's claim, although doubtless costs were demanded in his complaint.

These cases bring us rather naturally to the suggestion that costs are varying amounts and never definitely ascertained until the case is ended and ready for judgment; and, I think, warrant the conclusion that the legislature in enacting section 3068 of the Code, and in re-enacting the same provisions in section 442 of the Justice Court Act, did not intend that the matter of whether a case was to be appealable for a new trial should be postponed and left uncertain and open until the original case and trial was entirely ended. To hold otherwise would be unfortunate, as rather often in practice one party or the other may govern his procedure in the Justice's Court largely with a view of ultimately retrying the case in the County Court. If that right was, in a case involving a demand of a little less than fifty dollars, uncertain and dependent upon the amount of costs figured up at the end of the case, it is easy to see how unfortunate situations might arise and how injustice might be done by increasing the amount of the bill of costs on the one hand, or waiving all or part of the costs, or pretending to, on the other. I do not believe that the legislature intended to make this sometimes important right a subject of any such possible jockeying and uncertainty.

The right to a new trial is made dependent upon the amount for which judgment was demanded by one side or the other. The idea seems to have been to withhold the right in merely trivial cases. The legislature has fixed the dividing line at an amount which " exceeds fifty dollars." I think I must decide that the " amount " referred to is the amount of damages, the recovery demanded by one party, without any reference to the amount which the shifting bill of costs may ultimately add to the recovery. This ruling will make the question of whether a new trial may be had to be one easily and definitely ascertained and decided as soon as the pleadings are filed, without waiting to finish the trial to ascertain how large the bill of costs may be made, or how much it may be pared down.

The motion to dismiss the appeal is denied, but the motion to strike out the demand for a new trial and to transfer the cause to the law calendar is granted.

Ordered accordingly.