(July 10, 1942.)

LAZLO V. KEVICZKY v. ISADORE LORBER and DRY DOCK SAVINGS INSTITUTION, Impleaded, etc.— Motion for leave to appeal to the Court of Appeals granted; order entered April 10, 1942, vacated. [See *ante*, p. 713.] Present — Martin, P. J., Townley, Glennon and Untermyer, JJ.

LAZLO V. KEVICZKY v. ISADORE LORBER and DRY DOCK SAVINGS INSTITUTION, Impleaded, etc.— Motion for leave to appeal to the Court of Appeals granted; order entered April 10, 1942, vacated. [See *ante*, p. 713.] Present — Martin, P. J., Townley, Glennon and Untermyer, JJ.

## SECOND DEPARTMENT, JULY, 1942.
### (July 6, 1942.)

In the Matter of the Presentment by the Grand Jury for the January, 1941, Term of the County Court of the County of Richmond, and the Members Thereof as Such Grand Jurors and as Individuals and Taxpayers of the City of New York, County of Richmond, of Charges of Alleged Professional Misconduct, Fraud, Deceit, Crime and Misdemeanor and Conduct Prejudicial to the Administration of Justice against C. ERNEST SMITH, an Attorney and Counselor at Law, Respondent.— Motion by respondent in disciplinary proceedings to confirm the report and recommendation of an official referee that charges against respondent, presented to this court October 20, 1941, by the grand jury for the January, 1941, term of the County Court of Richmond County, and the members thereof, as such grand jurors, and as individuals and as taxpayers, be dismissed. Motion granted, report of official referee confirmed, and charges dismissed. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. FRANK ABBANDANDO and MAX GOLOB, Defendants. Re: LOUIS MAIONE, Material Witness, Respondent.— Motion referred to the court that rendered the decision. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ. Motion for reargument granted, and upon reargument the decision of this court handed down April 27, 1942 (*People* v. *Abbandando*, 264 App. Div. 741), is amended to read as follows: Appeal by the People from an order of the County Court, Kings County, in so far as it fixes compensation of respondent, as a material witness, under section 618-b of the Code of Criminal Procedure, during the time of his detention. Order, in so far as appealed from, affirmed. On reargument the court is of opinion that the order is appealable. (*People* v. *Williams*, 246 N. Y. 621, decided " on the authority of *People* v. *Young* [92 Hun, 373; affd., 151 N. Y. 651].") In the *Young* case the appeal was by sureties from an order denying their motion for a remission, in part, of the forfeiture of a bail bond. (Code Crim. Proc. §§ 597, 598.) The motion was made in the Criminal Court which declared the forfeiture. It was held that the order was appealable as an order made in a civil special proceeding, under the provisions of the then section 1357 of the Code of Civil Procedure, the substance of which is now embodied in section 631 of the Civil Practice Act. The same rule is now applied here. However, the papers submitted in support of and in opposition to the motion to fix compensation justify the granting of the motion in the fair exercise of discretion. The court may not consider facts which are not presented in the affidavits. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.