Sherwood *et al.* agt. Travelers' Insurance Company of Hartford.

## N. Y. COMMON PLEAS.

MARY SHERWOOD *et al.* respondents, agt. THE TRAVELERS' INSURANCE COMPANY OF HARTFORD, CONN., appellant.

*Costs in district courts — On appeal to common pleas to whom they belong — May be taxed as disbursements — Code of Civil Procedure, sections 3050, 3058, 3060.*

Costs paid by the appellant to the justice or his clerk, on an appeal from a district court of this city, belong to the prevailing party before the justice, and should be paid to him. The costs awarded by the justice are not designed to be held as a deposit to await the result of the appeal, but should be taxed as disbursements of the appeal in case of reversal, as provided by section 3060 of the Code of Civil Procedure

*General Term, May,* 1883.

THE plaintiffs recovered a judgment in the district court on January 5, 1882, against the defendants for sixty dollars and seventeen dollars and fifty cents costs. Prior to January 20, 1882, the defendants appealed to the general term of this court, serving notice of appeal and giving the undertaking prescribed to stay execution. The defendants then paid to the clerk of the district court the costs and fee for a return. The judgment was reversed, with costs. The appellant thereafter demanded the seventeen dollars and fifty cents costs, which had been paid to the clerk when the appeal was taken, and on default of payment, moved in this court at chambers for an order directing the clerk to pay the money. On motion it appeared that the clerk had paid the amount to plaintiff's attorney, January 28, 1882. The court below granted the motion, and the clerk appealed to this court.

*Charles E. Bigelow,* appellant, in person.

*F. R. Mathers,* for respondent.

BEACH, *J.*—I have been unable to find any adjudication bearing upon the question. In *Ex parte Stephens* agt. *The Saratoga Common Pleas* (1 *Wend.*, 282), the court go no further than to decide that the method of appeal must be strictly

followed, and payment of costs to the party instead of the justice was not a compliance with the statute. The appellant, if costs are awarded him on the appeal, may pay, among other items, the costs and fee paid to the justice upon taking the appeal (*Code of Civ. Pro., sec.* 3060). The authority to include these costs among the disbursements on appeal seems to contemplate a prior disposition of them by the justice or his clerk. The only one possible is a payment to the successful party in the district court, as they certainly do not belong to either of those officials, and, if to rest on deposit, no necessity existed for such a provision. I do not think the giving of an undertaking affects the question, for its purpose does not reach beyond a stay of execution (*Code of Civ. Proc., sec.* 3050). Neither can these costs fall within section 3058. They are not property lost by means of the erroneous judgment, because not taken from the party under the judgment, but paid as one of the steps needful to perfect his appeal.

The order should be reversed, with costs and disbursements.