(66 Hun, 629; mem. report without opinion.)

## SCHWEMMER v. STRATTON.

(Supreme Court, General Term, Third Department.   December 8, 1892.)

APPEAL—PAYMENT OF COSTS.

    Laws 1881, c. 438, provides that in all civil actions in which an issue of fact shall be tried in the justice's court of the city of Albany, now known as the "City Court of Albany," there shall be allowed to the prevailing party, and be included in the judgment, by way of indemnity for his expenses, an attorney's fee, according to the amount involved. Code Civil Proc. § 3047, requires appellant, when he serves his notice of appeal from a justice's judgment, to pay the costs of the action included in the judgment. *Held,* that the attorney's fee allowed the prevailing party in the city court is a part of the costs which appellant must pay on appealing to the county court.

Appeal from Albany county court.

Action brought in the city court of Albany by August Schwemmer against Peter Stratton for work done and material furnished defendant. There was a judgment for defendant for 25 cents costs, and $5 attorney's fee. Plaintiff appealed to the county court, but only paid the 25 cents costs. Defendant moved to dismiss the appeal for failure to pay the costs as required by Code Civil Proc. § 3047, which provides that the appellant, at the time of serving his notice of appeal from a justice's judgment, must pay "the costs of the action included in the judgment." From an order denying the motion, defendant appeals. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Stedman, Thompson & Andrews, for appellant.

(1) The city court of Albany was formerly known as the "Justice's Court of the City of Albany," and is a court having, within the city of Albany, the jurisdiction of a justice of peace, except that the amount in controversy may be $500. Chapter 438, Laws 1881, provides as follows: "Sec. 2. In all civil actions in which an issue of fact shall be tried in said court, [the justice's court of the city of Albany,] there shall be allowed to the prevailing party, and be included in the judgment, by way of indemnity for his expenses, an attorney's fee, as follows." Then follow the various sums allowed, depending upon the amount involved. By section 4 the provisions of the Code of Civil Procedure relating to practice in courts of justices of the peace are made to govern the proceedings in this court, except as modified by special laws. There is no law modifying the provisions of the Code respecting appeals, so that the Code controls. Section 3047 of the Code requires the appellant, when he serves his notice of appeal to the county court, to pay the costs of the action. Section 3074 defines "costs" as follows: "Costs consist of the fees allowed by law for services necessarily rendered in the action at the request of the party entitled to costs, or paid by him as prescribed by law; and of such other expenses as a party is entitled to include in his costs by express provisions of law." The provisions of section 2, c. 438, Laws 1881, allow the attorney's fee to the successful party by way of indemnity for his expenses. The legislature undoubtedly intended to make a provision for indemnifying the successful party for his counsel fees similar to that made by the provisions as to costs in actions in other courts of record; for, by section 2 of the Code, the city court of Albany is a court of record. The word "costs" received no statutory definition until the enactment of the Code of Procedure, in 1848. Section 303 of that act provides as follows: "All statutes establishing or regulating the costs or fees of attorneys, solicitors, and counsel in civil actions * * * are repealed; but there may be allowed to the prevailing party, upon the judgment, certain sums by way of indemnity for his expenses in the action, which allowances are in this act termed 'costs.'" (2) That the word "costs" has a broad and comprehensive meaning, embracing every allowance made by statute to reimburse a litigant for expenditures, no matter what their nature, is shown by the use made of the word in other sections of the Code. Section 3252, relating to allowances in suits affecting real property, etc., finds:

"The plaintiff is entitled to recover, in addition to costs prescribed in the last section, the following percentages." These percentages are taxed as costs, and there is no question that if a litigant were required to pay the costs in such an action, either as a prerequisite to a favor or to the exercise of a right, he would be compelled to pay these percentages. Section 3253 permits the court to award a further sum in certain cases. The word "costs" is not used, but there is no question that an additional allowance becomes a part of the costs of an action. The only difference between the attorney's fee in the city court of Albany, and the allowances made by the court in actions in the supreme court, is that one is fixed by the legislature, and the other left to the discretion of the court. Section 3268 of the Code provides for an undertaking for costs when the plaintiff does not reside in Albany. If costs simply included the 25 cents or 45 cents for serving a summons, this provision would be ridiculous; but, as all fees of the justices are abolished, this would be all. (3) The provision requiring the payment of costs upon appeal in cases like this was made to discourage litigation in small cases, and prevent the appellate court from being overburdened. If an appeal from the city court of Albany can be secured by the payment of 25 cents, every impecunious litigant who is defeated in that court will appeal, for the reason that he has nothing to lose, and may win. The successful party in the court below is thus put to additional trouble and expense, without remedy. In Thomas v. Thomas, 18 Hun, 481, at p. 483. Follett, J., says: "It has been the policy of the legislature to restrict the spirit for excessive litigation in small cases by requiring the costs incurred to be paid, and the appeal perfected, within a limited time; and the court ought not to encourage frivolous appeals by explaining away the statutory requirements." (4) The amount involved in this controversy is of no moment. The question involved is of great importance. The city court of Albany disposes of from 10 to 30 cases daily. For many years the payment of the attorney's fee, as part of the costs, has been acquiesced in by litigants in that court, and the question has never, previously, been raised. (5) The nonpayment of costs is a jurisdictional defect, and not an irregularity which can be cured. Thomas v. Thomas, 18 Hun, 481; Southard v. Philips, 7 Hun, 18; Eldridge v. Underhill, 17 Hun, 241.

### J. W. Ecker, for respondent.

(1) The appellant, having paid all the costs included in the judgment, did all that he was required to do in order to perfect his appeal, so far as costs are concerned. Section 3047, Code Civil Proc., provides for the service of the notice of appeal and payment of costs; and, so far as costs are concerned, it says: "Unless the justice is dead, the appellant must, at the time of serving the notice, pay to the person to whom it is delivered the costs of the action included in the judgment, and the sum of two dollars, as the fee of the justice for making the return." Section 3074, Code, provides that the prevailing party shall recover his costs, which may be included in the judgment, and also what costs are allowed. What they consist of, it says: "Costs consist of the fees allowed by law for services necessarily rendered in the action, at the request of the party entitled to costs, or paid by him, as prescribed by law, and of such other expenses as a party is entitled to include in his costs by express provision of law." Thus, costs consist only of such fees allowed to a prevailing party as provided for by the Code regulating the fees of the justice, constable, jurors, and witnesses, as per sections 3322–3327 of the Code. The "such other expenses" in this section refer, doubtless, to such as are incurred in procuring evidence—documentary or under commission—in proceedings under attachment, order of arrest, or replevin, and do not refer to, or cover, the expenses created by section 2, c. 438, Laws 1881. This section of the Code was in operation long prior to the passage of this act of 1881. The Code requires the party taking an appeal to pay the costs allowed to the prevailing party, as a condition to the perfecting of his appeal. By this requirement, the opposite party is reimbursed for his actual outlays for costs on his side of the case, and may be considered as a test of good faith on the part of appellant. (2) Section 2, c. 438, Laws 1881, provides for an attorney's fee in a civil action, in which an issue of fact shall be tried, to be allowed to the prevailing party, to be included in the judgment, by way of indemnity for his expenses; the amount of such fee depending upon the amount of the recovery, or the amount involved, and, further, upon whether the claim is litigated or not. This statute creates a distinct and separate fee, and designates it as an attorney's fee, but does not provide that it shall form a part of the costs. It is given just the same to the party who does not employ an attorney as to the one who does; and to the one who does, the expense

thereof may be more, or it may be less, than the sum allowed. The party may not be put to any expense. Then it will be a gain to him. It is given to a party by way of an indemnity for his expenses. The legislature evidently meant, by using the word "indemnity," that it should not be treated as costs, in the sense that costs is understood in a justice's court. "Indemnity" is defined as "a security to save harmless: exemption from loss or damage; to save a party from all danger and damage that may ensue from any act; that which is given to a person to prevent his suffering damage." This attorney's fee is then given to save the prevailing party free from loss or damage; to save him harmless by reason of the litigation. Costs, as contemplated by the Code, in justices' courts, are given to a party by way of reimbursement. This act does not provide that a party appealing shall pay this fee in order to perfect his appeal. In the absence of such a provision, it should not be judicially construed so as to require it. Costs are recoverable only by force of the statute, and depend upon the terms of the statute, strictly construed. Costs are commonly collected by issuing an execution. In the absence of an expressed provision otherwise, the attorney's fee provided by this act should be collected by execution, and not in this summary way, demanded by the appellant. (3) Section 6, Act 1881, provides that the Code of Civil Procedure, regulating the practice in courts of justices of the peace, shall govern the practice and proceedings in the city court of Albany; that the fees of jurors, constables, and witnesses shall be the same in said court as the Code provides in justices' courts; in short, all the fees allowed in a justice's court, except the fees of the justice, which are, by section 1 of this act, abolished. We have seen what the practice is on appeal to the county court from a justice's court, and what costs we are required to pay in order to perfect our appeal. We have followed such practice, and paid the costs required. Therefore, our practice was regular, and the order should be affirmed, with costs and disbursements.

PER CURIAM. Order reversed, with $10 costs, printing, and other disbursements, and motion granted, with costs.

---

## MILBANK v. JONES.

(Superior Court of New York City, General Term. March 6, 1893.)

1. SUBSTITUTION OF PARTIES—WAIVER OF OBJECTIONS.

　　Where the court has, on petition, allowed one to be made plaintiff as to her individual interest, and as administratrix of the former plaintiff, defendant, not having appealed or demanded a supplementary complaint, cannot on the trial object that plaintiff's individual interest could not be properly introduced into the case, or that there was no proof of her interest, or that she was administratrix.

2. APPEAL—MANDATE AND PROCEEDINGS BELOW.

　　The point having been considered in the opinion of the supreme court on a former trial, that there was a variance between the evidence and complaint, and that defendant had had no notice to prepare for trial on the issue made by the evidence, and the judgment for defendant having been reversed by the court of appeals, it will be deemed to have held the point not valid.

Appeal from jury term.

Action by Antoinette L. Milbank, individually and as administratrix, against Morgan Jones. From a judgment for plaintiff entered on a verdict directed by the court, and from order denying motion for a new trial, made on the minutes, defendant appeals. Affirmed.

For former reports, see 5 N. Y. Supp. 914, and 28 N. E. Rep. 31.

Argued before SEDGWICK, C. J., and DUGRO, J.

Fetterich & Jones, for appellant.

Boeraem & Hamilton, for respondent.