GEORGE REID, Appellant, *v.* WILSON L. DEFENDORF, Respondent.

*Judgment of a justice of the peace — perfected entry thereof — when the time to appeal therefrom commences to run.*

The mere writing of a judgment by a justice of the peace in his docket book does not constitute a perfected entry of judgment. It may be doubted whether there exists a legal judgment until the docket book is open to the public.

The time to appeal from a judgment entered in his docket book by a justice of the peace does not commence to run until the docket book is open to the public.

BROWN, P. J., dissenting.

APPEAL by the plaintiff, George Reid, from an order of the Rockland County Court, entered in the office of the clerk of the county of Rockland on the 14th day of May, 1894, determining that the notice of appeal and undertaking served upon the attorneys for the plaintiff, and the notice and consent to allow judgment served no the said attorneys for the plaintiff on behalf of the defendant, were served in time.

*Lexow & Wyre,* for the appellant.

*Richard S. Harvey,* for the respondent.

CULLEN, J.:

This is an appeal from an order made by the County Court of Rockland county, declaring the service of defendant's notice of appeal from a judgment rendered by a justice of the peace valid and made in time. The cause was tried before the justice on February first, and it was stipulated that the parties should have till

February seventh to file briefs and the justice four days thereafter to decide the cause. The justice, finding himself in poor health, decided the case on February sixth before the receipt of the briefs of the parties, entered the judgment in his docket and placed the docket book in his safe. He then left the State on a visit and directed his nephew, in whose charge he left his affairs, to show his books to persons making inquiries. No notice was given to the defendant of the decision of the cause. He called several times at the justice's office but found it closed, the nephew only attending the office at times. The justice returned on February twenty-eighth. The defendant learned of the judgment against him on March first, and on the seventeenth of that month served his notice of appeal and filed his bond. The plaintiff's attorneys returned the notice of appeal as served too late. Thereupon the defendant applied for the order appealed from.

The Code of Civil Procedure allows twenty days after the entry of a judgment in the justice's docket within which a party may take an appeal (§ 3046). Concededly more than that time elapsed from the entry of the judgment by the justice till the defendant took the first step toward an appeal. If the writing by the justice in his book constituted a perfected entry of judgment then the defendant has lost his right to appeal. But we think the law is otherwise. It is not necessary for the successful party in a Justice's Court to give any notice to his adversary to limit the time to appeal. The parties must examine the justice's record and discover for themselves the decision of the court. But, of course, for this purpose it is necessary that the justice's docket should be accessible and open for inspection, and the Code has enacted express directions in this regard. By section 3144 of the Code of Civil Procedure, when removing from a town, a justice must deliver his docket book to the clerk of the town. By section 3141 of the Code of Civil Procedure a justice's docket must be kept open by him during the hours the sheriff's office is required by law to be open, for search and examination. When the law provides that a judgment be entered in a docket book it means a docket book to be kept open as prescribed by law. Both sections of the Code must be read together. As long as the docket book was inaccessible to the party the judgment or decision might as well have only existed in the judge's mind. It may be doubted whether there was a legal

judgment in this case until the docket book was opened to the public, but in no view should the time to appeal commence to run until that time.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DYKMAN, J., concurred.

BROWN, P. J. (dissenting):

The right to appeal from a judgment is created solely by statute, and where a period of time in which an appeal may be taken has been fixed by the Legislature the court has no power to extend the time. (*Wait* v. *Van Allen,* 22 N. Y. 319; *Salles* v. *Butler,* 27 id. 639; *Thomas* v. *Thomas,* 18 Hun, 482.)

An appeal from a judgment rendered by a justice of the peace must be taken within twenty days after the entry of the judgment in the justice's docket, and it is conceded that the appeal in this case was not taken within that period.

The judgment rendered against the defendant is either valid or invalid. If it is void there is nothing to appeal from and the motion should have been denied. If it is valid it became so immediately upon being rendered by the justice, and nothing that happened thereafter could enlarge the time to appeal therefrom. That it is a valid judgment there can be no question. The justice had jurisdiction of the parties and of the subject-matter. There was a trial, and there was power to enter the judgment. A judgment is rendered by a justice of the peace by entering it in his docket. (Code Civ. Proc. § 3015.) That was done in this case. That in so doing the justice violated a stipulation of the parties in reference to submitting their briefs is of no importance. That act, if true, was an irregularity only, and did not affect the power of the justice. The judgment, therefore, became valid and effectual when the justice entered it in his docket, and could be enforced by execution. The fact that the justice immediately left the State without delivering his docket to the town clerk and leaving it open for inspection, had no effect upon his previous acts. Neither did it enlarge the defendant's rights in reference to it. It was undoubtedly a violation of official duty, but a thing of no importance in determining the question before us. The case then comes to this:

A valid judgment has been rendered against the defendant, and he has by the act of the justice and through no fault of his own been deprived of the right to appeal therefrom. The court has no power to restore to him the right thus lost. The cases cited have settled that question, and the motion should have been denied. But he is not without a remedy. The facts set out in the motion papers, and which are not denied by the plaintiff, make a plain case for equitable relief. If the judgment had been recovered in a court of record the wrong suffered by the defendant could be remedied on a motion for a new trial. But a Justice's Court has no power to entertain such a motion. Since courts of law have possessed the power to grant new trials, courts of equity have rarely interfered to restrain the collection of judgments rendered therein, but the power to do so is one of the well-recognized heads of equity jurisdiction. (*Dobson* v. *Pearce,* 12 N. Y. 165 ; *United States* v. *Throckmorton,* 98 U. S. 61.)

The facts show that a species of fraud has been practiced upon the defendant. The justice should not have entered the judgment until after the date fixed for the submission of the briefs, and the plaintiff is not morally entitled to enforce a judgment in which the defendant was deprived of his right to argue the case. These facts create a plain case for equitable cognizance. The order appealed from is in violation of the statutes and decisions of this State.

The opinion of my associate establishes a bad precedent, and hence I dissent.

Order affirmed, with ten dollars costs and disbursements.