ANN KENNEY, as Executrix of the Estate of PATRICK KENNEY, Deceased, Appellant, *v.* THE LIVERY STABLE KEEPERS' ASSOCIATION of Kings County, Respondent.

*Costs in Justice's Court of Brooklyn — additional costs allowed by* § 3129 *of the Code of Civil Procedure — must be paid to perfect an appeal from a judgment of such court.*

The plaintiff in an action brought in the Court of a Justice of the Peace of the city of Brooklyn recovered a judgment for $200 damages and $14.60 costs, $12 of the costs being recovered pursuant to section 3129 of the Code of Civil Procedure, which sum is allowed by said section to the prevailing party when a trial is had in a Court of a Justice of the Peace of the city of Brooklyn. The defendant appealed from said judgment to the County Court, and on so doing paid the justice two dollars and sixty cents for costs, and two dollars for making a return, but did not pay the sum of twelve dollars allowed for additional costs.

*Held,* that under section 3047 of the Code of Civil Procedure the defendant, in order to perfect his appeal to the County Court, was compelled to pay the justice all the costs included in the judgment, including the allowance of twelve dollars, and that upon his failure to do so the appeal should have been dismissed.

APPEAL by the plaintiff, Ann Kenney, as executrix of the estate of Patrick Kenney, deceased, from an order of the County Court of the county of Kings, entered in the office of the clerk of the county of Kings on the 1st day of May, 1895, denying the plaintiff's motion to dismiss the appeal to the County Court from a judgment entered in the Justice's Court in the above-entitled action on the 11th day of March, 1895.

*Edmund J. Tinsdale,* for the appellant.

*William J. Courtney,* for the respondent.

BROWN, P. J.:

The plaintiff recovered a judgment against the defendant before a justice of the peace of the city of Brooklyn for $200 damages and $14.60 costs. Of the costs, twelve dollars was recovered pursuant to section 3129 of the Code of Civil Procedure, which allows that sum to the prevailing party when a trial is had in a Justice's Court of the city of Brooklyn. The defendant appealed from that judgment to the County Court of Kings county, and on so doing paid to the justice two dollars and sixty cents for the costs of the action and two dollars for making the return, and did not pay the sum of twelve dollars allowed for additional costs as aforesaid.

Section 3047 of the Code of Civil Procedure requires that the appellant, at the time of serving the notice of appeal, pay to the justice of the peace or his clerk the costs of the action, and it is the appellant's contention that this requirement compelled the defendant, in order to perfect his appeal to the County Court, to pay to the justice the full sum of fourteen dollars and sixty cents.

The term " costs " is defined by the Code (§ 3074) and includes the allowance in question.

In the section which provides for appeals to the County Court no distinction is drawn between ordinary costs and those additional sums which may be recovered under section 3129.

All these allowances are denominated costs, and we are of the opinion that, in order to perfect an appeal to the County Court, all the costs included in the judgment must be paid by the appellant to the justice at the time of serving the notice of appeal. Such is the rule which prevails in New York and Albany under like provisions of law applicable to inferior courts in those counties. (*Sherwood* v. *Travelers' Insurance Co.*, 12 Daly 137; *Schwemmer* v. *Stratton*, 22 N. Y. Supp. 523.)

Upon the argument it was contended that there was no way for the appellant (the present respondent) to recover the costs so paid in case he succeeded on his appeal, but section 3060 of the Code appears to be applicable to such a case, and, under that provision, costs and fees paid to the justice may be included in the disbursements on appeal in case the appellant is awarded costs.

We are of the opinion that the County Court erred in denying the motion to dismiss the appeal, and the order appealed from must be reversed, with ten dollars costs and disbursements, and the appeal to the County Court dismissed, with ten dollars costs.

DYKMAN and PRATT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs and disbursements.