(23 Misc. Rep. 468.)

### BRADLEY SALT CO. v. MEINHOLD et al.

(Supreme Court, Appellate Term. May, 1898.)

COSTS PAID TO PERFECT APPEAL—RECOVERY ON REVERSAL.

> One who, to perfect an appeal from a district court, paid the clerk of that court the fee of the justice for making the return, and of the stenographer for a copy of his minutes, pursuant to Code Civ. Proc. § 3047, cannot, on reversal, with costs to abide the event, recover these amounts of appellee to whom they had been delivered; but, if appellant succeeds ultimately in the action, these costs may be taxed under section 3060, which provides that, where costs are awarded to appellant, he may include in the disburse-ments on appeal the costs and fee paid to the justice on taking the appeal.

Appeal from First district court.

Action by the Bradley Salt Company against Henry Meinhold and others. There was a judgment for defendants, and plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

J. E. Ludden, for appellant.

J. H. Denenholz, for respondents.

GEIGERICH, J. The defendants heretofore recovered a judgment against the plaintiff in one of the district courts in the city of New York, which was reversed, with costs to the appellant to abide the

event. The plaintiff, in order to perfect the appeal, paid to the clerk of the district court the costs of the action, included in the judgment, the fee of the justice for making the return, and the fee of the stenographer for a copy of his minutes; amounting in all to the sum of $28.15. This sum was delivered to the defendants. The defendants having refused to pay the plaintiff the amount so received by them, the latter brought this action for its recovery. Judgment was rendered in favor of the former, with costs, from which the plaintiff has appealed.

The sole question presented by this appeal is whether the plaintiff can maintain an action for the recovery of the money so paid to perfect the appeal, and I have been unable, after considerable research, to find any adjudication bearing directly upon the question under consideration. The cases cited by the appellant, of which Clark v. Pinney, 6 Cow. 297, Sturges v. Allis, 10 Wend. 355, and Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963, are types, merely hold that an action lies to recover money paid on an execution issued under a judgment which is afterwards reversed. Such is not the case here, as the sum sought to be recovered was not lost by means of an erroneous judgment. Sherwood v. Insurance Co., 12 Daly, 137, 139. In the last-cited case the plaintiff recovered a judgment against the defendant in a district court, from which an appeal was taken, and the costs and fees to perfect the appeal were paid to the clerk. The judgment was reversed, with costs, and the defendant thereafter demanded back the money so paid. In default of such return, an application was made to compel the clerk to comply with the demand; and, on the argument of the motion, it appeared that he had already paid the amount to the plaintiff's attorney. The clerk appealed from the order granting the motion, and the court, in reversing it, said, speaking through Beach, J.:

"The appellant, if costs are awarded him on the appeal, may tax, among other items, the costs and fee paid to the justice upon taking the appeal. Code Civ. Proc. § 3060. The authority to include these costs among the disbursements on appeal seems to contemplate a prior disposition of them by the justice or his clerk. The only one possible is a payment to the successful party in the district court, as they certainly do not belong to either of those officials; and, if to rest on deposit, no necessity existed for such a provision. * * * Neither can these costs fall within section 3058. They are not property lost by means of the erroneous judgment, because not taken from the party under the judgment, but paid as one of the steps needful to perfect his appeal."

The rule laid down in this case was substantially approved in Kenney v. Association, 89 Hun, 190, 35 N. Y. Supp. 8, where the court (page 192, 89 Hun, and page 9, 35 N. Y. Supp.) said:

"Upon the argument it was contended that there was no way for the appellant [the present respondent] to recover the costs so paid in case he succeeded on his appeal; but section 3060 of the Code appears to be applicable to such a case, and, under that provision, costs and fees paid to the justice may be included in the disbursements on appeal in case the appellant is awarded costs."

It seems to me that the rule may be fairly deduced from these decisions that costs paid pursuant to section 3047 of the Code of Civil Procedure are not property lost by means of an erroneous judg-

ment, but are such necessary disbursements upon the appeal as may be taxed by the appellant when absolutely awarded to him, or, if granted to abide the event, when he has succeeded ultimately in the action.

For these reasons the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.