(40 App. Div. 557.)

## GOSS v. HAYS.

(Supreme Court, Appellate Division, Third Department.　May 3, 1899.)

1. APPEAL FROM JUSTICE—COSTS.
　　Payment of costs in a justice court is necessary to perfect an appeal, under Code Civ. Proc. § 3047.
2. DISCRETION—REVIEW ON APPEAL.
　　The discretion of the county court in refusing to permit costs on appeal from a justice to be paid nunc pro tunc will not be reviewed.

Appeal from Clinton county court.

Action by Edna A. Goss against Elmer L. Hays.　Judgment for defendant before a justice.　From an order dismissing an appeal therefrom, plaintiff appeals.　Dismissed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

H. S. Haff, for appellant.
John H. Booth, for respondent.

HERRICK, J.　As a matter of fact, the costs in the justice's court in this case were not paid, and their payment is necessary to perfect an appeal.　Kenney v. Association, 89 Hun, 190, 35 N. Y. Supp. 8. The circumstances, however, are such that it seems to me the county court might well have permitted that to have been done nunc pro tunc, under section 3047 of the Code of Civil Procedure.　It has, however, declined to do so.　It was a matter resting in its discretion, and there is a long line of authorities holding that we have not the

right to review that exercise of discretion.    Tucker v. Pfau, 70 Hun, 59, 23 N. Y. Supp. 953; Wright v. Chase, 77 Hun, 90, 28 N. Y. Supp. 310; Myers v. Riley, 36 Hun, 20; Thomas v. Keeler, 52 Hun, 318, 5 N. Y. Supp. 359; Bantleon v. Meier, 81 Hun, 162, 30 N. Y. Supp. 706; People v. Young, 92 Hun, 373–377, 36 N. Y. Supp. 547; Paper Co. v. Szerlip, 9 App. Div. 206, 41 N. Y. Supp. 376; Judson v. O'Connell (Sup.) 14 N. Y. Supp. 92; Sexton v. Bennett (Sup.) 17 N. Y. Supp. 437. The only case that I have been able to find where the discretion of the county court was overruled upon appeal was the case of Gutbrecht v. Railroad Co., 28 Hun, 497. . There would seem to be no alternative, therefore, but to dismiss the appeal.

Appeal dismissed, with $10 costs and disbursements.    All concur.