HARRY FRIEDMAN and Another, Plaintiffs, *v.* PHILLIPS & COMPANY, INC., Defendant.

Municipal Court of City of New York, Borough of Brooklyn, Second District, May, 1923.

**Municipal Court, city of New York — practice — action against foreign corporation — warrants of attachment — satisfaction of judgment out of property taken under warrant — illegal service of summons — no power in Municipal Court to order restitution.**

The broad power given to the Supreme Court by section 529 of the Civil Practice Act to direct and enforce restitution where a judgment for any cause is set aside has not been conferred upon the Municipal Court of the city of New York.

In an action to recover damages for alleged breach of a contract for the sale of potatoes brought in the Municipal Court of the city of New York against a foreign corporation having no office there, a warrant of attachment together with the summons and complaint, were served in said city upon an employee of the New York Central Railroad Company in whose charge there was a carload of potatoes belonging to defendant. The potatoes were sold by the city marshal as perishable goods and after satisfying the plaintiffs' judgment obtained by default and paying the fees of the marshal, the balance of the proceeds of the sale was deposited with the city chamberlain. A warrant of attachment obtained in an action subsequently brought in the same court by the same plaintiffs against the same defendant to recover $500 alleged to have been paid to defendant for other potatoes which defendant had failed to deliver, as well as the summons and complaint, was served on the clerk of the chamberlain of the city of New York and a judgment taken by default was satisfied out of the money which in the other action had been deposited with said chamberlain. Defendant appearing specially moved to vacate the warrants of attachment and the judgments and the motions were granted because the provisions of the Municipal Court Code authorizing the service in the manner made had been declared unconstitutional. *Held,* that a motion made by defendant in both actions for restitution will be denied on the ground that the court is without power to grant the same, but without prejudice to defendant's remedy on the undertakings given upon obtaining the attachments, or to any other proceeding as defendant may be advised.

MOTIONS for restitution for property sold under warrant of attachment.

*M. Milton Gewertz,* for plaintiff.

*Fanny E. Holtzmann,* for defendant.

GLORE, J. The plaintiffs instituted an action (No. 1111 of 1920) for the recovery of $810 damages for alleged breach by defendant of a contract for the sale of a quantity of potatoes. The defendant is a foreign corporation and has no office in New York. Plaintiffs obtained a warrant of attachment, and the warrant as well as the summons and complaint was served on an employee

in New York city of the New York Central Railroad Company, in whose charge there was a carload of potatoes belonging to the defendant. The marshal sold this carload of potatoes as perishable property and realized $1,875, and plaintiffs obtained judgment by default for $838, and satisfied the judgment out of the proceeds of the sale made by the marshal. The balance of the proceeds of sale, after satisfying the judgment and paying marshal's fees, amounted to either $693 or $560 and was deposited with the city chamberlain.

The plaintiffs then instituted another action against the defendant (No. 1527 of 1920) for $500 which they alleged they had paid to defendant for another quantity of potatoes and which the defendant had failed to deliver. Plaintiffs obtained a warrant of attachment in that action also, and the warrant as well as the summons and complaint was served on the clerk of the city chamberlain of the city of New York in whose hands the aforesaid deposit was, and then obtained judgment by default for $521.50 and satisfied such judgment out of the moneys in the hands of the city chamberlain.

The defendant, upon discovering the aforesaid situation, appeared specially to vacate the warrants of attachment and the judgments, and defendant's motions were granted because the provision of the Municipal Court Code authorizing service in the manner aforesaid have been declared unconstitutional. *Nerenberg* v. *Keith,* 101 Misc. Rep. 551.

As the attachments and judgments were vacated, not because of any defect which could be supplied, but because the court had no jurisdiction to enter the judgments nor of the defendant in any event, no question arises as to the probability of plaintiffs being successful in the action and no trial could have been, in fact, directed, and the actions have been finally determined.

Defendant now moves in both actions for restitution and asserts that under sections 529 and 587 of the Civil Practice Act, this court should order restitution. Plaintiffs oppose the motion, but have cited the court to no authority.

If the Municipal Court possesses power to order restitution, such power is not derived from the cited sections of the Civil Practice Act.

While it is true that by section 15 of the Municipal Court Code, the practice and procedure in the Municipal Court shall conform, as nearly as may be, to the practice and procedure existing " in like causes in the supreme court," there are two factors which affect such procedure. *First,* section 15 provides that " except as otherwise provided in this act " the practice is to conform to

that of the Supreme Court; and, *second,* the Municipal Court has only those powers that are specifically granted. Although the Municipal Court is a court of record, section 15 of the Municipal Court Code is restricted in its application so that only in respect to powers specifically granted to the court, or such powers as are inherent in all courts of record, is the practice and procedure made to conform to that of the Supreme Court. *Mitchell* v. *Schroeder,* 94 Misc. Rep. 270; 174 App. Div. 857. Granting restitution is not one of the general powers of a court of record. Civil Practice Act, § 63.

Unless, therefore, the Municipal Court has specific or implied power to grant restitution, section 15 of the Municipal Court Code does not supply it, as that section merely provides how the power of the Municipal Court shall be exercised if the procedure is not provided by the Municipal Court Code or rules.

The Municipal Court has specifically been given power " to issue or vacate * * * a warrant of attachment " (Mun. Ct. Code, § 6, subd. 3), and, except as to the time of the notice of motion, a motion to vacate an attachment is governed " by the provisions applicable to such motions in the supreme court." Id. § 54.

A judgment taken without service of process must be vacated. Mun. Ct. Code, § 129, subd. 1. A judgment taken by default may be vacated if the motion to open the default is made within one year. Id. subd. 2. The one-year limitation obviously refers to a judgment taken by default after service of process upon the defendant. There is ample authority that a judgment taken without service of process at all may always be vacated without limitation as to the time. The same subdivision also provides that if a judgment taken by " default " has been collected, or otherwise enforced, and the defendant is successful upon the trial, such restitution may be compelled as the court directs, but this power of restitution evidently exists only in cases where a judgment has been taken by " default," and the defendant is successful upon the trial and implies that process has been served upon the defendant, and that the court has obtained jurisdiction of the defendant as otherwise there could be no " trial."

The cases at bar come within subdivision 1 of section 129, under which the court has power to vacate and set aside a judgment taken without service of process, and no power to order restitution is coupled with the power to vacate such judgments. See, also, Mun. Ct. Code, § 6, subd. 7.

I have been unable to find any provision vesting in the Municipal Court the broad power which is given to the Supreme Court by

section 529 of the Civil Practice Act to direct and enforce restitution " where a judgment is set aside for any cause."

In this respect the Municipal Court seems to have less power than Justices' Courts. A justice of the peace might be justified in drawing to himself the power to award restitution on vacating a warrant of attachment, because he not only has power to vacate a warrant of attachment (Justice Ct. Act, § 86); but in any action or proceeding properly before him, " where special provision is not otherwise made by law, is vested with all the necessary powers possessed by the Supreme Court." Id. § 18.

It becomes unnecessary, therefore, to determine the further question resting in discretion, whether, if the court had power, restitution should be ordered in the cases at bar, or whether the defendant should be remitted to his remedy on the undertakings given upon obtaining the attachments.

The motions must be denied, without costs, and without prejudice to defendant's remedy on such undertakings.

Ordered accordingly.