——————— WEIMER, Respondent, *v.* P. S. GUINNANE, Appellant.

County Court, Chautauqua County, September 21, 1925.

Justice's Court — appeal — appeal not perfected under Justice Court Act, § 430, unless costs and fees of justice for making return are paid — appeal must be dismissed where not taken within twenty days though docket not available at all times — equity may afford relief.

Appeal from the judgment of a justice of the peace is not perfected under section 430 of the Justice Court Act unless the costs and the fees of the justice for making the return are paid by the appellant at the time of serving the notice of appeal.

An appeal from a judgment of a justice of the peace must be dismissed where the notice of appeal is not served within twenty days after the date of entry of the judgment under section 428 of the Justice Court Act, notwithstanding the claim by the appellant that the docket of the justice was kept at his home and that he was not home during the hours when the docket is required by law to be kept open, especially where it is not claimed that any effort was made to see the docket within twenty days.

Appellant, if he can sustain his charges, may procure relief in equity.

MOTION to dismiss an appeal to the County Court of Chautauqua county from a judgment entered on May 25, 1925, in a Justice

Court of that county. The judgment was in favor of plaintiff. The appeal was by defendant, and this motion is by the plaintiff, respondent.

*P. S. Guinnane,* for the appellant in person.

*Harry R. Lewis,* for the respondent.

OTTAWAY, J.:

The motion is based upon two grounds, neither of which is controverted: *First,* that the appeal was not taken within twenty days from May 25, 1925, the day when the judgment appealed from was entered; and *second,* that the appellant did not pay the costs nor the fee for making the return.

The costs and the fee of the justice for making a return must be paid by appellant at the time of serving the notice of appeal. (Justice Court Act, § 430, as amd. by Laws of 1922, chap. 87.) Such payment seems to be necessary in order to perfect the appeal. Even if this court had the power to correct this irregularity upon proper application and offer to pay, no such application has here been made. Although this motion has been twice adjourned for the purpose of permitting the filing of affidavits, yet appellant has not taken advantage of these delays by seeking to supply this defect, so from this failure to pay costs and fees alone this court would be strongly inclined to grant this motion. But there is a stronger reason why the motion must be granted.

Plaintiff asserts that the notice of appeal was not served within twenty days from the date of the entry of judgment as required by the Justice Court Act, section 428. The appellant claims that the justice agreed at the time of the trial to notify him as soon as the case was decided, and that the justice failed to do so. He also says that the docket of the justice of the peace was kept at his house, and that he, the justice, had steady employment, and was not at home during the hours when his docket is required by law to be kept open. It is not claimed that efforts to see the docket during the twenty days were ever made, but that on inquiry later it was learned that the docket could not then have been seen. Appellant claims that the entry of the judgment in the docket book of the justice of the peace was not complete until that book was left open and free for public inspection.

Appellant has cited the case of *Reid* v. *Defendorf* (87 Hun, 40). This is hardly an authority which governs the case at bar, for there the justice locked up the docket in his safe and left the State of New York. Where a justice removes from the town where elected, he must deposit his docket book with the clerk of that town. (Present Justice Court Act, § 472; former Code Civ. Proc. § 3144.)

Moreover in the *Reid* case several efforts were made to learn of the outcome of the case. Such is not the case at bar. Here the affidavit of the justice of the peace presented by plaintiff stoutly denied that the docket was ever inaccessible. This, of course, raises such an issue as can hardly be determined on affidavit.

It is not necessary for either the justice of the peace or the successful party in Justice Court to give notice to the defeated party.

The jurisdiction of this court to entertain an appeal is limited to an appeal taken within the time and in the manner specified by section 428 of the Justice Court Act. This is not such an appeal. It may be that if appellant feels he can establish his assertions some relief can be had in a court of equity as indicated in the dissenting opinion in the case cited.

The motion to dismiss should be granted, with ten dollars costs of this motion.