In the Matter of the Application of FRANK A. MORROW, Doing Business under the Firm Name and Style of BUSINESS AUDIT SERVICE, Petitioner, for a Mandamus Order against MICHAEL S. PUCHER, a Justice of the Peace of the City of Little Falls, N. Y.

Supreme Court, Herkimer County, July 26, 1930.

*Blumberg & Conley*, for the petitioner.

*Michael S. Pucher*, defendant, in person.

MILLER, J. This is an application by petitioner for a peremptory mandamus order to compel Michael S. Pucher, a justice of the peace of the city of Little Falls, N. Y., to keep open for examination the docket book kept by him as such justice, during the hours when a sheriff's office is required by law to be kept open.

The application is based upon that part of section 469 of the Justice Court Act which reads as follows: " A docket-book kept by a justice must be kept open, during the hours when a sheriff's office is required by law to be kept open, for search and examination by any person, upon his reasonable request and to a reasonable extent."

Section 184 of the County Law provides the hours when a sheriff's office shall be kept open. The part of that section that is applicable here provides as follows: " * * * except Sundays and other days and half-days * * * from nine o'clock in the morning

until five o'clock in the afternoon, during the months of November, December, January, February and .March of each year, and from eight o'clock in the [morning until six o'clock in the afternoon, during the other months in each year."

The petitioner alleges that he carries on a general credit bureau under the name of Business Audit Service, having his office at Utica, N. Y.;. that on various occasions the respondent has refused to permit the petitioner's attorneys and agents to inspect the docket book during said hours.

The petitioner contends that section 469 of the Justice Court Act requires that the office of the justice be kept open during all of those hours, and that the public shall have the right to examine the docket book during such hours.

It will' be observed from the moving papers, however, that the petitioner does not allege that the respondent has failed to keep his office open during said hours, but rather that although his office was open, the respondent arbitrarily refused to allow the petitioner's attorneys to examine the docket.

It would seem, therefore, that there is nothing before the court that permits or requires a ruling upon the question of whether or not a justice is required by the said section to keep his office open during such hours, but rather the question whether during such hours, upon reasonable request, he must permit an examination of his docket. Even if it were it might be argued that a fair construction of the section required, only, that a justice permit an examination of the docket book upon reasonable request *made to him*, during such hours. If the construction urged by the petitioner is correct and the statute should be strictly enforced, it would be impossible to induce any one to accept the position of justice of the peace in the ordinary town or city.

It seems to be well settled that the docket of a justice of the peace is a public record and open to examination by the public. (*Buerlin* v. *Hodges*, 19 Civ. Proc. Rep. 107; *Reid* v. *Defendorf*, 87 Hun, 40.)

I hold that under the facts in this proceeding the respondent was at fault in refusing the examination of the docket book.

A peremptory mandamus order may issue directing the respondent to permit the petitioner, his agents and attorneys, to examine the docket book during the hours specified, upon reasonable request and to a reasonable extent.

Realizing that the ordinary justice of the peace is not supposed to " know all the law " and that some friendly suggestions might be helpful upon the argument of the motion, the court stated

to the respondent that in its opinion he should have permitted the petitioner's attorneys to make the examination and in the future should allow such examination upon reasonable request and to a reasonable extent. The petitioner's attorneys thereupon stated in open court that was all that was desired. Thereupon the proceeding was adjourned for a few days and on or before the adjourned day the respondent reported to the court that he was willing such an order be made.

However, the petitioner's attorneys then declined to accept such an order, stating that their client desired a ruling upon the questions involved.

The petitioner will be entitled to receive under this decision the same relief that the respondent offered to stipulate on the adjourned day of the motion.

Under all the circumstances, I am of the opinion the petitioner's costs should be limited to the sum of twenty dollars.

The petitioner may have an order in accordance with this decision.