JOHN H. CLOWES and Another, Copartners Doing Business under the Name and Style of J. H. CLOWES & COMPANY, Plaintiffs, *v.* G. HOWARD WATT, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, May 22, 1933.

*Regen & Barrett* [*John F. Butler* of counsel], for the plaintiffs.

*Simon & Pollock* [*Emerson L. Simon* of counsel], for the defendant.

PRINCE, J.   The plaintiff recovered a judgment after trial, from which the defendant appealed.   The judgment was reversed by the Appellate Term and a new trial ordered, with costs to the appellant to abide the event.   The case has not yet been tried again.

The defendant thereupon sought to enter and file a bill of disbursements in his favor, amounting to forty-two dollars, for the cost of the stenographer's minutes, the cost of premium on a bond to stay execution, and fees paid to the clerk for filing the notice of appeal and for prospective fees to the marshal.   The clerk refused to enter and file these disbursements, and the defendant makes this motion for an order to compel him to do so.

It is the contention of the defendant that these disbursements were necessarily incurred by him before he could have placed himself in the position to have received his conditional relief as evidenced in the judgment of reversal.   The plaintiff does not question the propriety of the items incorporated in the proposed bill of dis-

bursements, but denies that the disbursements are taxable at this stage of the proceedings, and that is the only question to be decided on this motion.

In an analogous case the Appellate Term held that the appellant could not tax the disbursements (*Bradley Salt Co.* v. *Meinhold*, 23 Misc. 468).

The case of *Hornstein* v. *Goldberg* (N. Y. L. J. Nov. 5, 1932), cited by the moving party herein, does not support his contention. In that case the Appellate Term granted a new trial, with costs to abide the event. The respondent thereupon moved to resettle the order of reversal to include that taxable disbursements, if any, are to abide the event. The motion was denied. It is urged that the denial of the motion by the Appellate Term is equivalent to a decision that under the terms of the order the appellant is permitted to tax disbursements immediately and regardless of the ultimate disposition of the action. This was not the adjudication of the court, nor can it be implied from the facts of that case. The motion to resettle the order of reversal cannot be deemed to have raised any issues regarding the taxation of disbursements. The court may have considered its original order an adequate disposition of the question of disbursements as a matter of law, or it may have been reluctant to review the issues sought to be presented unless they were raised by appeal from an adjudication of the lower court.

The burden is upon the party seeking to recover the disbursements to prove his right to them. The recovery of costs and disbursements is entirely statutory, and unless there is a statute authorizing the particular item, it cannot be taxed. (*Nettleton Co.* v. *Story*, 121 Misc. 258.) Ordinarily a successful litigant can have no recovery for legal expenses incurred by him beyond the costs provided by statute to be taxed. (*American Nat. Bank* v. *Warren*, 96 Misc. 265.)

Section 170 of the Municipal Court Code provides: " A party to whom costs are awarded shall be allowed his necessary disbursements as follows: * * *." Under that section, a party may tax disbursements only if and when he is entitled to costs. The defendant herein not being entitled to costs, his motion must be denied.