CONTINENTAL PURCHASING Co., INC., Appellant, *v.* NELLIE WOOD-
WORTH, Intended to Represent the Widow of FRANK WOODWORTH,
Respondent.

Supreme Court, Erie County, September 22, 1933.

*Adolph M. Newman*, for the appellant.

*Smith, Kendall & Magavern [Walter A. Kendall* of counsel], for
the respondent.

NOONAN, J.   This is an appeal from an order of the City Court
of Buffalo, denying a motion to set aside an order of that court
requiring the plaintiff to furnish security for costs and dismissing
the complaint, with costs, for failure to furnish such security, the
plaintiff being a foreign corporation.

The sole questions presented upon this appeal are whether the
City Court of Buffalo has the power upon the application of a
defendant to require a plaintiff, being a foreign corporation, to
give security for costs and whether, in case of non-compliance
with the order, the City Court of Buffalo has the power to dismiss
the plaintiff's complaint for such non-compliance.

The statutory provisions which are, or are claimed to be, pertinent
are chapter 570 of the Laws of 1909, as amended, being the City
Court Act, section 20, subdivision 17, and section 56 and section 115
of said act, also sections 1522, 1524 and 1529 of the Civil Practice
Act, and sections 218 and 315 of the Justice Court Act.

There is no express provision of the City Court Act empowering
that court to require security for costs from a foreign corporation.
Section 20, subdivision 17, and section 115 of that act, however,
confer upon the court the powers of Justices' Courts, and section 18
of the Justice Court Act vests a justice of the peace with all the
necessary powers possessed by the Supreme Court for the hearing,
trial and determination of an action or special proceeding brought
before him.   (*Friedman* v. *Phillips & Co.*, 121 Misc. 21.)

Section 315 of the Justice Court Act confers upon a defendant the right to security for costs in the sum of $250 where the plaintiff is a foreign corporation, though it provides for no penalty for failure to furnish the security when demanded. It is my opinion, when reading these two sections together, that a justice of the peace in an action pending before him has the power to order the filing of the security required by section 315, and in case of failure to comply with the order, to make an order dismissing the complaint, with costs, since the like powers are conferred upon the Supreme Court by the provisions of sections 1522, 1524 and 1529 of the Civil Practice Act. It follows that by the provisions of section 20, subdivision 17, and section 115 of the City Court Act, the City Court has similar powers.

This conclusion is reinforced by consideration of the fact that prior to the enactment of the Civil Practice Act, a defendant in a suit brought in Justice's Court was entitled to security for costs from a foreign corporation, plaintiff, under section 3074 of the Code of Civil Procedure, and by that same section the procedure for obtaining it was expressly assimilated to the procedure in courts of record which were governed by title 3 of chapter 21 of the Code of Civil Procedure, so that a justice of the peace then possessed the power to make the orders now provided for by sections 1524 and 1529 of the Civil Practice Act. In my opinion, under these provisions and the jurisdictional provisions of the City Court Act then existing the City Court then had the power to make the orders referred to and it was not the intention of the Legislature by the enactment of the Civil Practice Act and the Justice Court Act to deprive the City Court of that power. The amendment to the City Court Act substituting the words " Civil Practice Act " for the words " Code of Civil Procedure " in section 56 of the City Court Act was not, in my opinion, intended to affect any change in the jurisdiction or procedure of the City Court in respect of the matters under consideration.

My conclusion is that the order of the City Court was right and should be affirmed, and an order to that effect may be entered.