CHARLES NEVILL, Respondent, v. GEORGE MORROW, Appellant.

County Court, Schuyler County, July 14, 1955.

*Liston F. Coon* for appellant.

*Domenick L. Gabrielli* for respondent.

ARGETSINGER, J. This motion was submitted to the court returnable on July 11, 1955, on the papers submitted to the court and without personal appearance or argument before the court by counsel for the parties involved.

There appears to be no dispute as to the facts in the case as shown by the return of the Justice of the Peace to the County Clerk. As indicated therein a summons with notice was issued to recover $210.36 on February 21, 1955, and proof of personal service on February 22, 1955, was made by the deputy sheriff. The case was called on March 4, 1955, at which time the parties reviewed their business transactions and the defendant acknowledged that he owed the debt but stated he could not pay at once; the case was then adjourned to April 1, 1955, at which time the defendant questioned the correctness of the debt against him and, after considerable discussion, the case was again adjourned to April 29, 1955, with the understanding that the defendant would pay the full amount of the debt as claimed by the plaintiff plus costs on or before the adjourned date and that, if he did not do so, judgment would then be entered against him for the

full amount plus costs; on April 29, 1955, the adjourned date, the case was again called and defendant had failed to make any payments whereupon judgment was entered against him for $216.61 representing the amount of the debt plus the costs; the defendant served notice of appeal on May 10, 1955, but no costs were tendered or paid by the defendant until July 2, 1955.

Section 430 of the Justice Court Act provides that " [u]nless the justice is dead, the appellant *must* [italics by the court], at the time of serving the notice [of appeal], pay to the person to whom it is delivered the costs of the action, included in the judgment, and the fee of the justice prescribed by law for making the return ". There is indication in some of the decisions that the court has the discretionary power to permit the payment of costs *nunc pro tunc*. However, in the instant case, the payment of costs was not made even within the twenty days from date of entry of judgment in the Justice's docket required by section 428 of the Justice Court Act in taking an appeal. It is the opinion of the court that the Legislature intended, by the use of the word " must ", that the costs be paid at the time of filing the appeal or, at least, that some arrangement be made with the Justice of the Peace at that time, for such payment to be made within the time allowed for perfecting the appeal under section 428 of the Justice Court Act.

It is very clear that this appeal was not perfected within the twenty days as required by section 428 of the Justice Court Act but there was actually a delay of approximately fifty-three days before this appeal could be considered as having been perfected by the payment of the costs. There is no explanation made for this delay which the court could consider as justified and no argument has been made or submitted stating any grounds for the appeal. The only question before this court is whether or not the appeal was timely and properly perfected pursuant to the provisions of sections 428 and 430 of the Justice Court Act. (See *Clark* v. *Harder,* 22 N. Y. S. 2d 395; *Kenny* v. *Livery Stable Keepers' Assn.,* 89 Hun 190; *Goss* v. *Hays,* 40 App. Div. 557, and *Weimer* v. *Guinnane,* 125 Misc. 681.) In the case of *Thomas* v. *Thomas* (18 Hun 481), it was held that payment of costs twenty-eight days after entry of judgment is not timely.

The appellant calls attention to a decision rendered by Judge TABOR in *Corning Chamber of Commerce* v. *Bohoy* (207 Misc. 789), in which Judge TABOR said (p. 791) " Before passing on the appeal proper, I deem it desirable to point out that the respondent has moved to have this appeal dismissed on the ground that appellant did not perfect his appeal, in that he

failed to pay the costs on appeal to City Court and the costs for filing the return on appeal with the Steuben County Clerk. Despite this apparent omission, I prefer to consider this appeal on the merits.'' In that case the court does not state sufficient information regarding the contention of untimely perfection of an appeal to make it possible to give it consideration as controlling. Furthermore this is a County Court decision and the higher courts have tended to adhere more strictly to the provision of section 430 of the Justice Court Act. In the instant case no information has been given as to the grounds of appeal so that the court, even if it wished to do so, is in no position to consider or pass upon the merits of the appeal. The only information available to the court as to what happened up to the time of the appeal is contained in the return of the Justice of the Peace in which it appears that the defendant on more than one occasion admitted that he owed the money. If this court were to pass upon the merits upon such meager information, it would be compelled to decide that this appeal is frivolous and intended only for the purpose of delay and to postpone the date of payment as long as possible.

The motion to dismiss the appeal is hereby granted; let an order issue accordingly.