Francis J. Donovan, J.
Plaintiff moves to vacate a judgment and obtain restitution of moneys collected from him by the Sheriff upon an execution. The execution was issued upon a judgment entered by defendant for disbursements only, pursuant to order of a Judge of this court.
The action itself is awaiting retrial after a judgment of the Appellate Term reversing a prior judgment on a plaintiff’s verdict. Costs were awarded to defendant to abide the event. The Sheriff has been stayed from further proceedings under the execution and is still in possession of the moneys collected under it.
*478 The judgment was erroneously entered. It is void for several reasons.
The taxation of disbursements must await the termination of the new trial. (Clowes v. Watt, 147 Misc. 722.)
Disbursements may not be taxed directly by a Judge. They must be taxed by the Clerk of the court. (Nassau County Dist. Ct. Act, § 205; Thompson v. Hudson Bldg., 59 Misc. 510.)
Disbursements may not, in any event, be taxed prior to the judgment determining the action. (Nassau County Dist. Ct. Act, § 205; Goldstein v. Godfrey Co., 70 Misc. 225.)
Subdivision 10 of section 1 of the Nassau County District Court Act confers ample power to correct the error by vacating the judgment. Indeed, it would seem that the court — in the absence of statute — would have inherent power to correct such a manifest error. (Ladd v. Stevenson, 112 N. Y. 325; Furman v. Furman, 153 N. Y. 309.)
Despite the obvious error which was induced by the submission of papers by defendant, he resists restitution. In support of his position, he cites Friedman v. Phillips & Co. (121 Misc. 21).
Plaintiff cites no law to the contrary, and the court’s own research has disclosed no other reported case on the question.
Despite the fact that a transcript has been filed with the County Clerk, this court retains jurisdiction over the judgment and the execution. The court has already exercised such jurisdiction by staying the execution pursuant to subdivision c of section 171 of the Nassau County District Court Act.
The moneys are in the hands of the Sheriff and he is subject to the court’s authority.
The Friedman case (supra) is not applicable until the moneys are paid over by the Sheriff to the judgment creditor.
Submit order vacating the judgment and directing the Sheriff to refund to the plaintiff all moneys collected under the execution, and awarding $10 costs to plaintiff.