(58 App. Div. 54.)

### RODGERS v. CLEMENT.

(Supreme Court, Appellate Division, First Department. February 8. 1901.)

1. PLEADING—AMENDMENT.

Where judgment for defendant, affirmed by the appellate division, was reversed on the ground that, properly construed, the answer admitted an allegation of the complaint, amendment of the answer will be allowed, on showing that defendant did not intend such admission.

**2. SAME—CONDITIONS.**
    Defendant, as a condition for amending his answer to deny an allegation of the complaint, where judgment for him, affirmed by the appellate division, was reversed, on the ground that, properly construed, the answer admitted an allegation of the complaint, must pay costs of the action after service of notice of trial, including the costs of the appeals, though on the appeals no costs were imposed on either party.
    Hatch and O'Brien, JJ., dissenting.

Appeal from special term, New York county.

Action by John Rodgers against Frank H. Clement. From an order granting motion to amend the answer, plaintiff appeals. Modified.

For former opinion, see 66 N. Y. Supp. 593.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

L. Laflin Kellogg, for appellant
F. R. Minrath, for respondent.

INGRAHAM, J. This action was brought for a dissolution of a co-partnership and for an accounting between co-partners. The complaint alleged that the plaintiff had at various times loaned the said co-partnership sums of money, which have not been repaid. The answer denied this allegation, but admitted that the plaintiff did loan to the said co-partnership certain sums of money, all of which were repaid to him. The action was tried before a referee, and resulted in a judgment in favor of the defendant against the plaintiff for $5,280.87. Upon an appeal to the appellate division that judgment was affirmed (44 N. Y. Supp. 516), but upon an appeal to the court of appeals the judgment was reversed (56 N. E. 901), and a new trial ordered, with costs to the appellant to abide the event. The court of appeals based its reversal upon this allegation of the answer, and held that, under a fair construction thereof, "the fact that they were loans seems to be admitted," and, the allegation in the complaint not having been controverted, it must be taken as admitted. Thus, after several years' litigation, it has finally been determined that the answer admitted the making of the loans as alleged in the complaint. The defendant now asks to amend his answer so as to make a material change in the admission, requiring a substantial change in the issues presented. The affidavit submitted on behalf of the defendant would seem to show that the defendant did not intend to admit the allegations of the complaint specified, and that it was not until the decision of the court of appeals that it was determined that the answer did admit this allegation of the complaint. It would seem, therefore, that the court below was right in allowing the amendment, as the defendant should certainly not be held to an admission which he did not intend, and which has been finally determined to be such an admission by the construction of a somewhat obscure paragraph in the answer.

The only other question is as to the terms imposed as a condition to the amendment. There has been a trial of the action before a referee, and an appeal to the appellate division and to the court of appeals. After this amendment is allowed, a new trial.

will be necessary because of the failure of the defendant to deny, as it would seem he intended to deny, this allegation of the complaint before referred to. We think in such a case that an amendment should not be allowed except upon indemnifying the plaintiff so far as possible for the expense incurred in the former trial and the appeals. The new trial that has been rendered necessary was in consequence of a mistake of the defendant in his pleading, and certainly for that mistake the plaintiff should not be punished. We think, therefore, that the defendant should pay all the costs of the action after the notice of trial, including the costs and disbursements of the two appeals, as a condition for the amendment allowed. The fact that upon the former trial no costs were awarded to either party against the other has nothing to do with the conditions upon which the defendant should be allowed to amend his answer. The trial has actually been had, and the plaintiff has incurred the expense of that trial and of the subsequent appeals. This work has now to be done over, and the expense that has been incurred should be borne by the party through whose mistake it has been rendered necessary.

The order appealed from is therefore modified by requiring, as a condition for the amendment desired, that the defendant should pay all the costs of the action after service of notice of trial, including the costs of appeal to the appellate division and to the court of appeals, and as thus modified affirmed, without costs to either party upon this appeal. All concur, except HATCH and O'BRIEN, JJ., who dissent.

HATCH, J. (dissenting). I think the terms imposed as a condition of the amendment too large in amount. The sum imposed by the special term seems to me all that was essential to fairly reimburse the defendant. In the judgments rendered by the appellate division and by the court of appeals no costs were imposed as against either party, although the defendant succeeded. It is evident that the court was impressed with the view that equitable considerations did not authorize their imposition. So equitable consideration, in my opinion, ought to operate against the terms imposed here. I think substantial justice would be accomplished by the affirmance of the order.