HERBERT v. DE MURIAS et al.

(Supreme Court, Appellate Division, First Department. November 16, 1906.)

PLEADING—AMENDMENT—ALLOWANCE.

An action for money obtained by fraud was begun in April. An amended answer was served June 4th. Defendant changed attorneys, and on August 27th moved for leave to serve a second amended answer amplifying the defense that plaintiff by certain acts had waived the tort. The action had been noticed for trial for the October term, but had not appeared on the day calendar. No disadvantage would come to plaintiff if the proposed amendment was allowed. *Held*, that the second amendment should be allowed, though defendant was guilty of laches.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 766.]

Appeal from Special Term, New York County.

Action by Raymond L. Herbert against Fernando E. De Murias and another. From an order denying permission to serve and file a sec-

ond amended answer, defendants appeal.  Reversed, and motion grant-
ed, on condition.

Argued before McLAUGHLIN, INGRAHAM, CLARKE,
HOUGHTON, and SCOTT, JJ.

Headley M. Greene, for appellants.
E. Powis Jones, Jr., for respondent.

PER CURIAM.  As a general rule a party should be permitted to
put his pleading in such shape as will satisfactorily present every ques-
tion affecting his interest in the litigation, and to this end the court is
disposed to use with liberality the power conferred by statute to permit
amendments of pleadings during the progress of the action.  Muller
v. City of Philadelphia, 113 App. Div. 92, 99 N. Y. Supp. 93.  The
exercise of this power, however, is controlled by the consideration
that a party should not, by laches or otherwise, place his opponent at an
unfair disadvantage, and for this reason an amendment, which other-
wise would be freely allowed, is often refused because of the laches
of the party moving.  Mere laches, however, are not always an unan-
swerable objection to an amendment, especially if no prejudice will
arise therefrom to the party opposing the motion.

In the present case the action is for money alleged to have been
obtained from plaintiff by fraud.  The defendants have already served
an original and one amended answer, and, having changed their at-
torney, now seek to serve a second amended answer, amplifying their
defense that the plaintiff by certain acts has waived the tort of which
he complains.  It is true that no very cogent reason is given why this
defense was not properly pleaded before, and the defendants have un-
questionably laid themselves open to the imputation of laches.  We are
unable to see, however, that any disadvantage will come to plaintiff if
the motion be granted upon proper terms.  The action was commenced
in April, 1906, and the amended answer served on June 4th.  The
present motion was made on August 27th.  The action has been no-
ticed for trial for the October term, but has not yet appeared upon the
day calendar.  The defendants' laches are not, therefore, very gross.

The order should be reversed, without costs, and the motion grant-
ed, on condition that, within five days after the entry and service of
the order to be entered hereon, the defendants serve their proposed sec-
ond amended answer, and pay to plaintiff's attorney all costs of the
action to date and $10 costs of motion; the cause to retain its number,
date of issue, and place upon the trial calendar.