ROSENBERG et al. v. FEIERING.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

1. APPEAL—REVERSAL—PLEADING—AMENDMENT OF COMPLAINT.

In an action by vendees for specific performance of a contract to sell land, plaintiffs had judgment, which was reversed because plaintiffs failed to show objections taken to defendant's title, upon which judgment was given for them, and, if they did, it was not charged as a ground of complaint. Application was then made to amend the complaint, and plaintiffs showed that they raised this objection as the particular one on the law day for closing the title, and were corroborated by their attorney. The attorney also deposed that he did not think it necessary to plead this fact, as it was a matter of evidence. It did not appear that, when he raised the point upon the trial, he was met by objection that it was not pleaded. The opposing affidavits did not directly deny that the objection was raised at the time appointed for the closing of the title. *Held*, that an order permitting the amendment was proper.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4677–4683.]

2. SAME—REVIEW—DISCRETION OF COURT—AMENDMENT OF PLEADINGS.

The question of terms imposed as a condition of amendments to pleadings affects a substantial right, and is subject to review, although the matter of permitting amendments is within the discretion of the lower court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3825–3833.]

3. PLEADING—COMPLAINT—AMENDMENT—TERMS IMPOSED.

    In an action for specific performance, judgment for plaintiff having been reversed on appeal on the ground of defects in the complaint, the lower court, in permitting an amendment of the complaint to cover the defects pointed out on appeal, should have required the payment of all costs and disbursements of the action antecedent to the granting of the application and of $10 costs of the application.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 630, 631.]

Appeal from Kings County Court.

Action by Louis Rosenberg and another against Jennie Feiering. From an order of the County Court permitting plaintiffs to serve an amended complaint, defendant appeals. Modified and affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Isidor Cohn, for appellant.
Isaac Miller, for respondents.

JENKS, J. The appeal is from an order of the County Court of Kings County permitting the plaintiffs to serve an amended complaint on payment of $35 costs. The action is by purchaser against seller of realty for specific performance, or in the alternative for the deposit money and incidental expenses. The plaintiffs gained a judgment, which we reversed. Rosenberg v. Feiering, 121 App. Div. 190, 105 N. Y. Supp. 812. The case may be read in that book, and need not be gone over again. We reversed the judgment because the plaintiffs failed to show that they took the objection to the title, upon which alone judgment was given for them, and, if they did, it was not charged as a ground of complaint.

This application was to amend the complaint to cover the defects which were pointed out in our judgment. The plaintiff, as affiant, showed that he raised this objection mainly and as the particular one on the law day for closing the title, and he was corroborated by his attorney. The attorney also deposed that he did not think that it was necessary to plead this fact, as it was a matter of evidence. It does not appear, when he raised the point upon the trial, that he was met by objection that it was not pleaded. The opposing affidavits did not directly deny that the objection was raised at the time appointed for the closing of the title. I think that the order may be sustained, as the amendment is material and in the furtherance of justice. Cunliff v. D. & H. Canal Co., 4 N. Y. St. Rep. 775; Nichol's New York Practice, vol. 1, p. 1035. Speaking of the authority conferred by section 773 of the Code of Civil Procedure, the court in Muller v. City of Philadelphia, 113 App. Div., at page 96, 99 N. Y. Supp., at page 96, say:

"The power thus conferred is usually, as it ought to be, freely exercised, in order that justice may be done between the parties. Merely technical rules of pleading no longer control, and the merits of an action and the rights of parties are now rarely determined upon affidavits."

But I think the terms imposed were inadequate. It is said that we cannot vary them, because they were imposed in the discretion

of the County Court. But I think that the question of terms affects a substantial right and that it is subject to our review. See Kilts v. Neahr, 101 App. Div. 317, 91 N. Y. Supp. 945, citing Cramer v. Lovejoy, 41 Hun, 581; Clark v. Eldred, 54 Hun, 5, 7 N. Y. Supp. 95; New v. Aland, 62 How. Prac. 185. In Clark v. Eldred, supra, the court say:

"We think, also, that there are cases where the terms imposed on granting relief may be so contrary to those established by law and practice as to justify a review in this court. O'Brien v. Long, 49 Hun, 81, 1 N. Y. Supp. 695."

I think that the terms should have required the payment of all costs and disbursements of the action antecedent to the granting of the application and of $10 costs of the application. Herbert v. De Murias, 115 App. Div. 453, 101 N. Y. Supp. 381; McEntyre v. Tucker, 40 App. Div. 444, 58 N. Y. Supp. 146; Bates v. Salt Springs Nat. Bank, 43 App. Div. 321, 60 N. Y. Supp. 313; Lindblad v. Lynde, 81 App. Div. 603, 81 N. Y. Supp. 351; Ruellan v. Stillwell (Sup.) 56 N. Y. Supp. 344; Cramer v. Lovejoy, 41 Hun, 581; Rodgers v. Clement, 58 App. Div. 54, 68 N. Y. Supp. 594; Tradesmen's Nat. Bank v. Curtis, 63 App. Div. 14, 71 N. Y. Supp. 414.

Order of the County Court of Kings county modified, in accordance with the opinion of JENKS, J., and, as modified, affirmed, without costs. All concur.

