### THOMAS v. SPRINGER.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

APPEAL AND ERROR (§ 1178*)—REVERSAL—AMENDMENT—COSTS.

The terms imposed in allowing an amendment to the complaint after the reversal on appeal of a judgment for plaintiff in an action for negligence, the decision precluding a recovery on the original complaint, should require the payment of all costs and disbursements in the action.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1178.*]

Appeal from Special Term, Kings County.

See, also, 120 N. Y. Supp. 1148.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and THOMAS, JJ.

George W. Glaze, for appellant.

Frederick N. Van Zandt, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The defendant appeals from an order of the Special Term that amends the complaint after the plaintiff's judgment at Trial Term had been reversed in this court and a new trial had been granted. 134 App. Div. 640, 119 N. Y. Supp. 460. The terms imposed were payment of $10 costs. The plaintiff complained originally of personal injuries due solely or only to the negligence of the defendant and his servants, agents, and employés, in charge of a certain apparatus in a theater whereby a part of the apparatus fell upon the plaintiff. At trial the person who worked the apparatus testified that he dropped a part thereof from his hand. We reversed the judgment upon the ground that the defendant was not liable for this act, for the actor at the time was a servant of an independent contractor. Thomas v. Springer, 134 App. Div. 640, 119 N. Y. Supp. 460.

The plaintiff would now amend her complaint by charge of negligence against the defendant in that he failed to provide a safe place and safe appliances. In the amended complaint she omits the original charge of liability on the ground of respondeat superior. We held in our judgment that the status of the alleged servant was determined by a written contract between the defendant and the John C. Fischer Company, and that there was not sufficient proof of any estoppel of the defendant to deny that the actor was his servant. Under the first complaint, then, the plaintiff sought to hold the defendant liable for the conduct of his servant, and under the amended complaint she seeks to hold the defendant liable for his own breach of duty. It would seem that the reasons for our reversal prohibit recovery upon the original allegation of negligence, and the plaintiff's course, not only in seeking this amendment, but in omitting the original allegation, would seem to concede this. We think that the terms imposed should have been the payment of all costs and disbursements in the action. Rosenberg v. Feiering, 124 App. Div. 522, 108 N. Y. Supp. 941, and cases cited; Purcell v. Hoffman House, 131 App. Div. 239, 115 N. Y. Supp. 778, and cases cited. The reason for the imposition of terms is stated by the court in McEntyre v. Tucker, 40 App. Div. 444, 58 N. Y. Supp. 146:

"It is conceded by the motion that the plaintiff cannot recover in the present form of action. The defendant was, therefore, justified in defending; and for the costs and disbursements to which he has been put in the establishment of a successful defense he is entitled to be reimbursed."

The order must be modified in accord with this opinion, and, as so modified, affirmed, without costs.