PER CURIAM. The defendant appeals from an order of the Special Term that amends the complaint after the plaintiff's judgment at Trial Term had been reversed in this court and a new trial had been granted. 134 App. Div. 640, 119 N. Y. Supp. 460. The terms imposed were payment of $10 costs. The plaintiff complained originally of personal injuries due solely or only to the negligence of the defendant and his servants, agents, and employés, in charge of a certain apparatus in a theater whereby a part of the apparatus fell upon the plaintiff. At trial the person who worked the apparatus testified that he dropped a part thereof from his hand. We reversed the judgment upon the ground that the defendant was not liable for this act, for the actor at the time was a servant of an independent contractor. Thomas v. Springer, 134 App. Div. 640, 119 N. Y. Supp. 460.

The plaintiff would now amend her complaint by charge of negligence against the defendant in that he failed to provide a safe place and safe appliances. In the amended complaint she omits the original charge of liability on the ground of respondeat superior. We held in our judgment that the status of the alleged servant was determined by a written contract between the defendant and the John C. Fischer Company, and that there was not sufficient proof of any estoppel of the defendant to deny that the actor was his servant. Under the first complaint, then, the plaintiff sought to hold the defendant liable for the conduct of his servant, and under the amended complaint she seeks to hold the defendant liable for his own breach of duty. It would seem that the reasons for our reversal prohibit recovery upon the original allegation of negligence, and the plaintiff's course, not only in seeking this amendment, but in omitting the original allegation, would seem to concede this. We think that the terms imposed should have been the payment of all costs and disbursements in the action. Rosenberg v. Feiering, 124 App. Div. 522, 108 N. Y. Supp. 941, and cases cited; Purcell v. Hoffman House, 131 App. Div. 239, 115 N. Y. Supp. 778, and cases cited. The reason for the imposition of terms is stated by the court in McEntyre v. Tucker, 40 App. Div. 444, 58 N. Y. Supp. 146:

"It is conceded by the motion that the plaintiff cannot recover in the present form of action. The defendant was, therefore, justified in defending; and for the costs and disbursements to which he has been put in the establishment of a successful defense he is entitled to be reimbursed."

The order must be modified in accord with this opinion, and, as so modified, affirmed, without costs.

======

THOMAS v. SPRINGER.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

Appeal from Special Term, Kings County.

Action by Charles R. Thomas against John H. Springer. From an order allowing an amended complaint on the payment of $10 costs, defendant appeals. Modified, so as to require plaintiff to pay all costs and disbursements in the action and $10 costs of the motion.

See, also, 120 N. Y. Supp. 1148.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and THOMAS, JJ.

PER CURIAM. Order modified, by requirement that the plaintiff should pay all costs and disbursements in the action and $10 costs of the motion; and, as so modified, affirmed, without costs. See Thomas v. Springer, 124 N. Y. Supp. 435.

---

### HANSEN v. VOGELSANG.

(Supreme Court, Appellate Division, Second Department.   July 29, 1910.)

1. SALES (§ 440*)—WARRANTIES—ACTION FOR BREACH—ADMISSIBILITY OF EVIDENCE.

In an action for breach of warranty of the health of a cow sold, testimony of a veterinarian that he examined her about 20 days after her sale and delivery to plaintiff, and found her suffering from tuberculosis so far advanced that, in his judgment, such condition had existed prior to the sale, was improperly admitted.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 440.*]

2. EVIDENCE (§ 248*)—ADMISSIBILITY—ADMISSIONS.

Testimony as to a conversation between a witness and defendant's husband, in which the husband stated, some time prior to the sale, that the cow had an awful cough, the conversation not being in defendant's presence, and there being no evidence that she knew or was ever informed of it, was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 953–964; Dec. Dig. 248.*]

3. NEW TRIAL (§ 105*)—GROUNDS—NEWLY DISCOVERED EVIDENCE.

In an action for breach of warranty of the health of a cow sold, where plaintiff's witness testified falsely that he had killed the cow by order of the Commissioner of Agriculture, and the falsity of the testimony was not known to defendant at the time of trial, evidence of its falsity, subsequently discovered, was newly discovered evidence, entitling defendant to a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 183, 221–223, 229; Dec. Dig. § 105.*]

Appeal from Nassau County Court.

Action by Andrew Hansen against Lena Vogelsang. From a judgment for plaintiff, and from orders denying a new trial, defendant prosecuted two appeals, which were consolidated. Reversed, and new trial ordered.

See, also, 124 N. Y. Supp. 439.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and CARR, JJ.

Allen Caruthers, for appellant.
Henry L. Maxson, for respondent.

RICH, J.   Upon trial of this action in the Nassau County Court, the plaintiff had a verdict (the action being based upon the breach of a warranty in the sale of a cow) for the full value of the cow, together with $15 paid to a veterinary surgeon for his services in examining, treating, and killing the animal, and for a post mortem exami-